David C. Crosby
5280 Thane Road
Juneau, AK 99801-7717
Telephone: (907) 586-6262
Facsimile: (907) 586-5959
E-mail: crosbylaw@gci.net

Attorney for Intervenor/Defendant
Arctic Slope Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

NATIONAL AUDUBON SOCIETY, et al.,  )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )
                                   )
GALE NORTON, Secretary of the      )
Interior, et al.,                  )
                                   )
        Defendants.                ) Case No. J05-008 CV (JKS)
_____)

MEMORANDUM IN SUPPORT OF ASRC's APPLICATION FOR LEAVE TO
INTERVENE PURSUANT TO RULE 24(a)(2) OR RULE 24(b)

I.   INTRODUCTION.

Arctic Slope Regional Corporation ("ASRC"), applies for permission to intervene as a matter of right pursuant to Federal Rules of Civil Procedure, Rule 24(a)(2) or, in the alternative, by permission of the Court pursuant to Rule 24(b).

ASRC is organized pursuant to the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. § 1606, et seq., to hold and manage settlement lands and assets on behalf of the Inupiaq

Eskimos of the Arctic Slope.[1] Included in these assets are 58,330 acres of subsurface beneath Kuukpik surface estate within the Planning Area, as well as the statutory right to receive more than 18,000 acres of subsurface of lands within the Planning Area that have already been leased by BLM under the existing leasing/regulatory scheme.

If the plaintiffs succeed in their challenge to the amended IAP/EIS, the terms of the leases that will be assigned to ASRC on these 18,000 acres could be different and quite possibly could be more burdensome and expensive to administer. The value of ASRC's property rights will also be affected if plaintiffs' lawsuit results in a decrease in oil and gas activity on adjacent federal lands, making marginal discoveries on ASRC's lands less economic. Finally, ASRC has a financial interest in oil and gas service contracts that will be generated by any increase in oil and gas activity on adjacent federal lands.

None of the present or prospective parties to this litigation will adequately represent ASRC's unique property interests. Accordingly, ASRC is entitled to intervene as a matter of right.

In the alternative, ASRC and its shareholders, as the aboriginal owners and present day subsistence users of the land

---

[1] Declaration of Jacob Adams ("Adams Decl."), ¶3.

encompassed within the NE NPRA Planning Area, can provide a perspective and information to the Court that no other litigant can offer.  Accordingly, ASRC should also be permitted to intervene pursuant to Rule 24(b).

II.  ASRC IS ENTITLED TO INTEVENE AS A MATTER OF RIGHT UNDER RULE 24(a)(2).

Rule 24(a)(2) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The rule is construed liberally in favor of potential intervenors.  Its application is "guided primarily by practical considerations,' not technical distinctions."  United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002) (hereinafter cited as "City of Los Angeles"); Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001) (hereinafter cited as "Berg); United States v. Covington Technologies Co., 967 F.2d 1391, 1394 (9th Cir. 1992) (hereinafter cited as "Covington Technologies").

A.  ASRC's Application is Timely.

The Amended Complaint was filed on March 10, 2006. The federal defendants have yet to answer. No proceedings have taken place, and the Court has not made any substantive rulings. The Court's scheduling order dated February 28, 2006, contemplates filing of motions to intervene by March 31, 2006.

The application is timely. Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996).

B.  ASRC Has a Significantly Protectable Interest.

> [T]he "interest" test directs the courts to make a "practical, threshold inquiry," and "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.

City of Los Angeles, 288 F.3d at 398, citing Greene v. United States, 996 F.2d 973, 976 (9th Cir.. 1993) and County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir. 1980).

Applicants for intervention must claim a "significantly protectable interest" in the action. City of Los Angeles, 288 F.3d at 398. No special legal or equitable interest is required. "It is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claim at issue." Berg, 268 F.3d at 818, citing Sierra Club v. United States EPA,

4

995 F.2d 1478, 1484 (9th Cir. 1993) ("Berg").  The relationship requirement is satisfied "if the resolution of the plaintiffs claims actually will affect the applicant."  City of Los Angeles, 288 F.3d at 398, citing Donnelly v. Glickman, 159 F.3d 405, 410 (9th Cir. 1998); Berg, 268 F.3d at 818 ("injunctive relief sought by plaintiff will have direct, immediate, and harmful effects" on applicant's legally protected interest).

Within the NE NPRA planning area, ASRC owns 5,400 acres of surface estate at Cape Halkett -- a logical staging area for any oil and gas activity north of Teskekpuk Lake -- as well as 58,330 acres of subsurface estate beneath surface estate selected by Kuukpik Corporation, the Native Village Corporation for the Village of Nuiqsut.  Pursuant to Section 1431(o) of the Alaska National Interest Lands Conservation Act, ASRC will receive the title to an additional 18,689 acres of subsurface in the Planning Area at such time as Kuukpik finalizes its land selections.  See Vol. 1, Northeast National Petroleum Reserve-Alaska, Final Integrated Activity Plan/Environmental Impact Statement, III-C-43 (August 1998) ("1998 IAP/EIS") (description of village and regional corporation ownership rights) and Northwest National Petroleum Reserve-Alaska, Final Amended Integrated Activity Plan/Environmental Impact Statement (January 2005) ("2005 Amended IAP/EIS") 3-93/94 (status of native

selections).  All public lands within the Kuukpik selection area were leased in 1999 pursuant to the lease stipulations then in effect.  2005 Amended IAP/EIS, Maps 1-2 (areas leased) and 2-1 (depicting Kuukpik selection area).

Pursuant to Section 14(g) of ANCSA, as amended, 43 U.S.C. § 1613(g), when Kuukpik completes its surface selections, ASRC will receive the subsurface subject to the existing leases, and administration of those leases will be transferred to ASRC.  Although the amendment will not, ipso facto, alter existing leases, BLM has stated its preference for a regime in which leases throughout NPR-A are administered in a consistent manner.  The 2005 Amended IAP/EIS contemplates negotiations with existing lessees to conform existing leases to those issued pursuant to the Amended IAP/EIS.  See 2005 amended IAP/EIS, Executive Summary-2.  Thus, the Amended IAP/EIS could as a practical matter determine ASRC's property rights in the leases to be transferred to ASRC following completion of Kuukpik's surface selections.

ASRC's property rights in its Nuiqsut subsurface will be impacted also by the Secretary's decision to offer additional land for lease in the highly prospective areas north and east of Teshekpuk Lake.  The likelihood of development of any marginal discoveries on ASRC's lands is significantly enhanced by

6

increased exploration and eventual development and production on adjacent federal lands.[2]  In addition ASRC owns the surface estate and only land in private ownership, at Cape Halkett -- a logical staging area for an oil and gas activity north of Teskekpuk Lake.

In addition to its property rights, ASRC owns subsidiaries engaged in the oil and gas support industries.  These companies have a reasonable expectation of receiving contracts as a result of the increased activity on adjacent federal lands -- contracting that will provide much needed employment for ASRC's shareholders.  These economic benefits will be delayed or frustrated if the IAP/EIS is struck down.[3]

The frustration of these legitimate economic interests is an additional ground for permitting intervention as of right. <u>Cascade Natural Gas Corp. v. El Paso Natural Gas Co.</u>, 386 U.S. 129 (1967) (company whose sole source of gas supply would be affected by the outcome of an anti-trust divestiture action had sufficient interest to support intervention under Rule 24(a)(2)); <u>United States v. City of Niagara Falls</u>, 103 F.R.D. 164 (W.D.N.Y. 1984) (industry sending waste to treatment

---

[2]    Adams Decl., ¶25.

[3]    Adams Decl., ¶¶28-29.

plant had interest in litigation seeking to change terms of NPDES permit); United States v. Reserve Mining Co., 56 F.R.D. 408 (D.Minn. 1972) (businesses dependent upon mine operation had sufficient interest to support intervention as of right in litigation to abate pollution).

    C.    As a Practical Matter, the Disposition of this Case Will Impair or Impede ASRC's Ability to Protect Its Interests.

The impairment test does not require that the applicant would be legally bound by the disposition of the case. It is enough that the applicant's interest could be affected "in a practical sense." Berg, 268 F.3d at 822. Natural Resources Defense Council, Inc. v. Nuclear Regulatory Commission, 578 F.2d 1341, 1345 (9th Cir. 1978) (not limited to consequences of a strictly legal nature).

ASRC has a statutory right to receive an assignment of existing leases in more than 18,000 acres within the Planning Area at such time as Kuukpik completes its surface selections. If, as seems likely, existing leases in the Planning Area are renegotiated to confirm to the 2005 Amended IAP/EIS, the terms of leases assigned to ASRC will very probably be different and more flexible as a result of the 2005 Amended IAP/EIS. If plaintiffs succeed in their challenge the leases assigned to

8

ASRC could well be more difficult and costly to administer and the prospects for exploration and development diminished or rendered more costly, which in turn would reduce ASRC's royalty income.

Plaintiffs' action, if successful, would restrict development on federal lands adjoining ASRC's subsurface, threatening development of marginal fields and minimizing the possibility of sharing infrastructure and costs.

Finally, if plaintiffs succeed, ASRC will be frustrated in its expectations of profitable oil and gas service contracts and possible leasing revenue for its land at Cape Halkett.

>   D.   ASRC's Interests Cannot Adequately be Represented
>        by Other Parties to this Litigation.

ASRC's unique property and economic interests cannot be adequately represented by any existing or prospective party to this litigation. The federal defendants are primarily interested in defending the process by which their permits were issued. They would not suffer any economic loss should the plaintiffs prevail.

The applicant's burden of showing inadequacy of representation is "minimal," and generally may be met by demonstrating that the government's interest in enforcing the law and its responsibilities to the public are broader than the

9

property interests represented by the applicant. Berg, 268 F.3d at 823; Conservation Law Foundation, Inc. v. Mosbacher, 966 F.2d 39, 44 (1st Cir. 1992).

III. IN THE ALTERNATIVE, ASRC SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(b).

Permissive intervention under Rule 24(b) requires only that "an applicant's claim or defense and the main action have a question of law or fact in common." Although the United States has not filed an answer, ASRC anticipates that its defenses will be similar to those raised by the federal defendants. This is a record proceeding, and facts on which the case will proceed will be common to all parties. In its proposed answer, ASRC denies the conclusory allegations of the Complaint, and it is highly likely that the federal defendants will do likewise.

Of all the parties and potential parties to this litigation, ASRC has the longest and most significant relationship to the NE NPRA planning area, which lies in the heart of the aboriginal and subsistence territory occupied by the Arctic Slope Inupiaq Eskimos.[4] ASRC has knowledge of the environment and species used for subsistence that will enable it to credibly counter plaintiffs' wildly exaggerated allegations

---

[4]   Adams Decl., ¶9.

of environmental damage that will supposedly be caused by the opening of additional lands to leasing and the switch from lease stipulations to more flexible ROPs.[5]  On remedy issues, ASRC is in a position to inform the Court with respect to the extreme economic hardship to ASRC and its shareholders -- the Inupiaq residents of the Planning Area -- were an injunction to issue.[6]

In short, ASRC is in a unique position to "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions involved." Spangler v. Board of Education, 552 F.2d 1326, 1329 (9th Cir. 1977) (listing non-exclusive factors to be considered in exercising discretion to grant or deny a motion to intervene under Rule 24(b)). See also Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1111 (9th Cir. 2002) (quoting with approval the district court's conclusion that "the magnitude of this case is such that both Applicants' intervention will contribute to the equitable resolution of this case.")

---

[5]     Adams Decl., ¶10.

[6]     Adams Decl., ¶21, 26-27.

11

IV. CONCLUSION.

For the foregoing reasons, ASRC respectfully requests that the Court grant its application for leave to intervene as of right under Rule 24(b)(2) or, in the alternative, by permission pursuant to Rule 24(b).

DATED this 31st day of March, 2006, at Juneau, Alaska.

Respectfully submitted,

DAVID C. CROSBY, P.C.


/s/  David C. Crosby_____
David C. Crosby
Alaska Bar No. 7106006

Attorney for Intervenor/
Defendant Arctic Slope
Regional Corporation


CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2006, a copy of this document was served electronically on:

Deirdre McDonnell
Layla Hughes
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801

```
Dean K. Dunsmore
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657
```

                                        /s/   David C. Crosby
                                        David C. Crosby


Appl_Intervene.045

13