DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Ethan Falatko
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska 99811-0300
Ph: (907) 465-3600
Fax: (907) 465-2417
ethan_falatko@law.state.ak.us
Attorney for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY et al., <br><br> Plaintiffs, <br><br> v. <br><br> GALE NORTON, Secretary of the Interior, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. J05-008CV (JKS) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE STATE OF ALASKA'S MOTION TO INTERVENE AS A DEFENDANT**

**I.   INTRODUCTION**

      The State of Alaska moves to intervene in this case under FRCP 24(a)(2)

and FRCP 24(b)(2). The outcome of this litigation will significantly affect the State of

Alaska's ability to replace the diminishing oil production from its declining oil fields

Memorandum of Points and Authorities in Support of      Page 1 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

from which the state earns 89 % of its unrestricted General Fund revenue.  In addition, the brunt of any development will be borne by Alaska's residents and natural resources.  The State moves to intervene as a defendant in this litigation because it is the only party that can adequately protect these vital State interests.

## II.     FACTS OF THE CASE

Alaska's North Slope contains abundant deposits of oil and gas, including the Prudhoe Bay and Kuparuk oil fields, the largest in North America.  Immediately to the west of these fields lays the 27.6 million-acre National Petroleum Reserve - Alaska (NPR-A) that was initially set aside to ensure the U.S. Navy an adequate supply of oil.[1]  During the energy crisis of the 1970's, Congress transferred jurisdiction over the NPR-A to the Secretary of the Interior (Secretary) and directed that an "expeditious program of competitive oil and gas leasing" be undertaken.[2]

In 1997, the BLM issued an Integrated Activity Plan/Environmental Impact Statement (IAP/EIS) to open up land for oil and gas leasing in the 4.6 million acre Northeast Planning Area of the NPR-A (NE NPR-A).  This plan was subject to strict environmental stipulations that place critical habitats off-limits to oil and gas development.[3]  A consortium of environmental groups, including six of the seven plaintiffs in this case, challenged the decision alleging that the stipulations and the

---

[1]   *See* Pub. L. No. 94-258 § 105:  H.R. Conf. Rep. No. 94-942, § 105 (a)(b)(1976).

[2]   *See* Pub. L. No. 96-514, (Dec. 12, 1980); 42 U.S.C. § 1605.

[3]   *See* 63 Fed. Reg. 42, 431 (August 7, 1998).

Memorandum of Points and Authorities in Support of                                                                Page 2 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

IAP/EIS were inadequate.[4] The State moved to intervene in that case as a matter of right and the court granted the State's motion. The case is still pending in the D.C. Circuit.

While a decision in that case was pending, the BLM initiated an amendment process for the NE NPR-A EIS. The BLM issued an amended draft EIS in 2003 that considered three alternatives for development within the NE NPR-A. After considering public comments, the BLM issued their amended Final EIS in January of 2005. Plaintiffs' filed their original complaint challenging the amended EIS on March 28, 2005, ten months before the Secretary issued the Record of Decision authorizing the amended plan. The Plaintiffs allege that the amended plan violates the Endangered Species Act (ESA), the National Environmental Protection Act (NEPA) and the NPR-A act.

The State of Alaska moves to intervene in this case as a matter of right under FRCP 24(a)(2) on all of Plaintiffs' claims except on the merits of the NEPA claim. Additionally, in conformance with the Ninth Circuit ruling that a third party may not intervene as a matter of right in a challenge under NEPA, the State seeks permissive intervention under FRCP 24(b)(2) on the merits of the NEPA claim. In the alternative, the State of Alaska requests permissive intervention on all claims under FRCP 24(b)(2). The State moves to intervene because the outcome of this case will have a direct and significant effect on Alaskans, and Alaska's natural resources. A significant portion of

---

[4] *See The Wilderness Society, et al., v. Bruce Babbitt, et al.*, Case No. 1:98CV02395 (RWR).

Memorandum of Points and Authorities in Support of    Page 3 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

the State of Alaska's general fund revenue is derived from Alaska's oil industry.[5] In addition to its right to receive 50 % of all royalties from oil and gas production in NPR-A, the State will derive substantial severance, income, and property taxes from NPR-A development. Additionally the State has a substantial interest in protecting the natural resources of Alaska.

### III.   DISCUSSION

####   A.   The State of Alaska is Entitled to Intervene as a Matter of Right Pursuant to FRCP Rule 24(a).

The State is entitled to intervene as a matter of right under FRCP 24(a) to protect the State's interests with regard to the claims asserted by the Plaintiffs under the Endangered Species Act (ESA), National Petroleum Reserve Production Act (NPRPA), as well as the remedy portion of Plaintiffs National Environmental Protection Act (NEPA) claims. In addition, the State requests permissive intervention in the Plaintiffs' substantive NEPA challenge.[6]

The Ninth Circuit has adopted a four-part test to determine whether a party should be permitted to intervene as a matter of right: 1) the motion must be timely; 2) the

---

[5]   In 2005, petroleum revenue compromised of 89 % of the State's total General Fund unrestricted revenue and is expected to provide up to 75 % through FY 2011. Ex. AK-1, Alaska Department of Revenue Fall 2005 Revenue Sources Book, Executive Summary.

[6]   The Ninth Circuit's rule set out in *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 1998) limits intervention as of right for third parties in NEPA actions. The State of Alaska therefore requests permissive intervention under FRCP 24(b)(2) in section III(B) of this motion.

Memorandum of Points and Authorities in Support of                                      Page 4 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

movant must claim a significant protectable interest relating to the property or transaction which is the subject of the action; 3) the movant must be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and 4) the movant's interest must not be adequately represented by the existing parties to the action. *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999). The Ninth Circuit applies this test broadly in favor of intervention. *United States v. City of Los Angeles*, 288 F.3d 391, 397-398 (9th Cir. 2002). The State of Alaska meets these requirements and should be allowed to intervene as a matter of right.

### 1. This Motion is Timely

Pursuant to this Court's Order issued February 28, 2006, motions to intervene in this case are due by March 31, 2006. This motion is therefore timely.

### 2. The State of Alaska Has Significant Protectable Interest in this Action

The State's interests that may be effected by this lawsuit are numerous and significant. Whether a party has a significant protectable interest in litigation is a "practical, threshold inquiry" for which "[n]o specific legal or equitable interest need be established." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993); aff'd by *Greene v. Babbitt*, 64 F.3d 1266 (9th Cir. 1995). The applicant must establish that the interest asserted is protectable under some law, and there is a relationship between the protected interest and the claims at issue. *City of Los Angeles*, 228 F.3d at 398.

The State has a substantial economic interest in its right to collect 50 % of the royalties derived from oil and gas production in NPR-A. *See* 42 U.S.C. § 6508. The

Memorandum of Points and Authorities in Support of                                    Page 5 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

State also has a substantial economic interest in exercising its sovereign and statutory authority to levy income[7], property[8], and production[9] taxes. This lawsuit directly threatens these important interests because plaintiffs seek a prohibition on any development within the oil reserve.[10]

The State also has significant natural resource interests at stake in this lawsuit. Although the NE NPR-A is a federal reserve, fish and wildlife commonly move across the state-federal borders and the State has constitutionally mandated duties to ensure these natural resources are maintained on the principles of sustained yield,[11] and are reserved to the people for common use.[12] In addition, many Alaska citizens utilize

---

[7]   AS 43.20.011(e).

[8]   AS 43.56.010 *et seq.*

[9]   AS 43.55.011.

[10]  There are numerous examples of states being permitted to intervene to protect the economic interests of their citizens. For example, the State of California was permitted to intervene in a divestiture hearing resulting from a civil antitrust suit brought by the United States against a private gas company, to protect the "public interest" in keeping the company an effective competitor. *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 135 (1967). Actions that affect the ability of a state or political subdivision to collect revenue or impose a tax clearly implicate the public interest. *See Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 997-998 (8th Cir. 1993) (counties were entitled to intervene to protect their interests in deriving revenue from lands affected by tribe's action); *Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 927 (9th Cir. 1990) (City of Chico was entitled to intervene in an action to place land in federal trust status, to protect its existing interest in taxing the disputed property.).

[11]  Alaska Const. art. VIII, § 4.

[12]  Alaska Const. art. VIII, § 3.

Memorandum of Points and Authorities in Support of                                                Page 6 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

the NE NPR-A for their subsistence harvest and the State has a duty to protect these subsistence resources.

### 3. The State Must be a Party to this Action in Order to Protect these Interests

The Plaintiffs' attempt to prevent any development of oil and gas resources within the NE NPR-A poses a direct and fundamental threat to the State's interests as outlined above. Disposition of this matter in Plaintiffs' favor would impair – would effectively deny – the State's ability to protect those interests.

### 4. The Secretary of Interior Will Not Adequately Represent the State's Interests

In reviewing the question of whether an applicant's interests will be adequately presented by a party, the court must consider: whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). The Supreme Court has ruled that this "adequate representation" requirement is satisfied if the applicant shows that "representation of his interest 'may be' inadequate; and that the burden of making that showing should be treated as minimal". *Trbovich v. United Mine Workers* 404 U.S. 528, 538 n.10 (1972) (citation omitted).

In this case the Secretary of the Interior's interests are substantially different from the State's interests and the Secretary therefore cannot be expected to

Memorandum of Points and Authorities in Support of                                                              Page 7 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

adequately represent the State. The State's economic interest in levying taxes and collecting royalties from production in the NPR-A are unique to the State due to its' heavy budgetary reliance on oil and gas revenues. The State also has the primary responsibility for managing and protecting its' fish and wildlife resources. The duty to develop and conserve the State's resources for the maximum benefit of all its people.[13] The Secretary has no such duties.

The Secretary will not be capable or willing to make the arguments necessary to protect the State's interests. The Secretary does not have an interest in developing the State's natural resources for the maximum benefit of all the people of Alaska. It is extremely unlikely that the Secretary will be willing to take the time and expense to defend the State's unique economic and resource management interests in what no doubt will be a lengthy and expensive litigation. Considering the divergence in the interests of the Secretary and the State, the Secretary's representation of the State here would be inadequate.

The State's intervention will bring an indispensable element to this lawsuit. The citizens and natural resources of Alaska will bear the brunt of any impact that any development in the NE NPR-A may have. Allowing the State's intervention, therefore, will bring into this litigation the voice of the State government that has the duty to balance the conservation and development of Alaska's resources for the benefit of all Alaskans.

---

[13]   Alaska Const. art. VIII, § 2.

Memorandum of Points and Authorities in Support of                                                                 Page 8 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

### B.  The State of Alaska Should Be Allowed to Intervene Permissively on the Merits of NAEC's NEPA Claims.

The Ninth Circuit has held that third parties are not entitled to intervention as of right on the merits of NEPA claims.[14] District courts, however, may grant third parties permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.[15] As with intervention as of right, motions for permissive intervention are construed liberally in favor of the moving party.

Permissive intervention should be allowed under Rule 24(b) as long as the applicant seeking intervention establishes that: "1) it shares a common question of law or fact with the main action; 2) its motion is timely; and 3) the court has an independent basis for jurisdiction over the applicant's claims."[16]

Under this standard, neither the inadequacy of representation, nor a direct interest in the subject matter of the action need be shown.[17] Once the party seeking to intervene has demonstrated a common question of law or fact, it is within the discretion of the court whether to allow intervention.[18] Where parties share similar interests in the outcome of the litigation, a district court may grant intervention where the court believes

---

[14]   *See Kootenai*, 313 F.3d at 1108.

[15]   *Id.*

[16]   *See Donnelly v. Glickman*, 159 F.3d 405, 411-412 (9th Cir. 1998).

[17]   *Kootenai*, 313 F.3d at 1108.

[18]   *Id.* at 1111.

Memorandum of Points and Authorities in Support of        Page 9 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

the party seeking intervention will assist in the resolution of the case. In *Kootenai* the Ninth Circuit held that the District Court's recognition that "the presence of intervenors would assist the court in its orderly procedures leading to the resolution of the case, which impacted large and varied interests" was within the District Court's discretion. [19]

The State meets all of the requirements for permissive intervention in the Plaintiffs' NEPA claim under this rule. As discussed above, this motion is timely and the State's intervention will not delay the resolution of the case. The State's defenses in this action will raise questions of law and fact that are in common with those already raised, and will undoubtedly contribute to the equitable resolution of the case. In addition, because the action involves a federal question, and because the State's interests derive from the federal question presented, the Court has an independent basis for jurisdiction in this matter.

    **C.**    **In the Alternative, the State of Alaska Should Be Allowed to Intervene Permissively on All of Plaintiffs' Claims.**

If the Court finds that the State does not meet the requirements for intervention as of right in the ESA, NPRPA and remedy phase of the NEPA claims, the State requests that the Court grant the State permissive intervention on all Plaintiffs' claims pursuant to FRCP Rule 24(b). First, as discussed above, there is no question that this motion is timely. Second, the State's defenses on all Plaintiffs' claims will raise questions of law and fact that are common with those already raised. The State of Alaska has significant interest and knowledge in the oil and gas leasing in the NPR-A, and can

---

[19] *Id*.

Memorandum of Points and Authorities in Support of
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)

Page 10 of 11

assist the Court with questions of law and fact to aid in the resolution of this case. The State of Alaska does not intend to raise new or collateral issues not already raised in the complaint. Third, this court has jurisdiction because this action involves a federal question and because the State's interests derive from the federal questions presented.

## IV.  CONCLUSION

For the reasons stated above, the State of Alaska respectfully requests that the Court grant its motion to intervene FRCP 24(a)(2) with regard to Plaintiffs' claims under ESA, the NPRPA, and on the remedy phase of the claims raised under NEPA. In addition, the State respectfully requests that the Court grant permissive intervention pursuant to FRCP 24(b) to address the merits of Plaintiffs' NEPA claims. In the alternative, the State respectfully requests that the Court grant the State permissive intervention on all Plaintiffs' claims pursuant to Rule 24(b).

Dated this 31st day of March, 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:    s/Ethan Falatko
       Assistant Attorney General
       Alaska Bar No. 0112093
       Office of the Attorney General
       P.O. Box 110300
       Juneau, Alaska 99811-0300
       Ph: (907) 465-3600
       Fax: (907) 465-2417
       ethan_falatko@law.state.ak.us
       Attorney for the State of Alaska

Memorandum of Points and Authorities in Support of                                Page 11 of 11
the State of Alaska's Motion to Intervene as a Defendant
Case No. J05-008CV (JKS)