DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone:(907)271-5452
Facsimile: (907)271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, ALASKA WILDERNESS LEAGUE, CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, NORTHERN ALASKA ENVIRONMENTAL CENTER, and THE WILDERNESS SOCIETY et al. | No. 1:05-cv-0008-JKS |
| Plaintiffs, | DEFENDANTS' ANSWER TO AMENDED COMPLAINT |
| v. | |
| P. LYNN SCARLETT, Acting Secretary of the Interior; HENRI BISSON, State Director Bureau of Land Management; BUREAU OF LAND MANAGEMENT; and UNITED STATES DEPARTMENT OF THE INTERIOR, | |
| Defendants, | |

Defendants P. Lynn Scarlett, Acting Secretary of the Interior;[1] Henri Bisson, Alaska State Director, Bureau of Land Management; the Bureau of Land Management; and the United States Department of the Interior, in response to the First Amended Complaint for Declaratory and Injunctive Relief (5 U.S.C. §§ 702-706; 42 U.S.C. § 4332; 16 U.S.C. § 1536; 42 U.S.C. §§ 6504(b),

---

[1]/    Substituted pursuant to Fed. R. Civ. P. 25(d) for the former Secretary, Gale Norton.

6508)(Docket Entry No. 18)[hereinafter be referred to as Complaint], do allege and state:

1. The allegations of the first sentence of paragraph 1 of the Complaint constitute plaintiffs' characterization and description of their action and are not factual allegations to which a response is required. The allegations of the second sentence of paragraph 1 are denied.

2. The allegations of paragraph 2 of the Complaint are denied.

3. The allegations of paragraph 3 on page 1 of the Complaint are denied.

4. The allegations of paragraph 4 on page 1 of the Complaint are denied.

5. The allegations of paragraph 5 on page 1 of the Complaint constitute conclusions of law, and are not factual allegations to which a response is required.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 on page 2 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 on page 2 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 on page 3 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the Complaint, except defendants deny that any of their actions that are at issue in this case are unlawful.

16. The allegations of the first sentence of paragraph 12 of the Complaint are admitted. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of the second, third and fourth sentences of paragraph 12 of the Complaint, except defendants deny that any of their actions that are at issue in this case are unlawful.

17. In response to the allegations of paragraph 13 of the Complaint, defendants note that Gale Norton is no longer the Secretary of the Interior. The Acting Secretary is P. Lynn Scarlett.

18. The allegations of paragraph 14 of the Complaint are

admitted.

19. In response to the allegations of paragraph 15 of the Complaint, defendants' note that Rowan Gould is no longer the Regional Director of the United States Fish and Wildlife Service. The Acting Regional Director is Gary Edwards.

20. In response to the allegations of paragraph 16 of the Complaint, it is admitted that the Bureau of Land Management is a bureau of the Department of the Interior.

21. In response to the allegations of paragraph 17 of the Complaint, it is admitted that the Fish and Wildlife Service is a bureau of the Department of the Interior.

22. With respect to the allegations of the first sentence of paragraph 18 of the Complaint, defendants admit that the National Petroleum Reserve - Alaska (NPR-A) consists of approximately 23.5 million acres of land on Alaska's North Slope and that it is the largest contiguous block of public lands in the United States. The second and third sentences are admitted. With respect to the fourth sentence, defendants note that the plaintiffs' use of vague or ambiguous adjectives such as "high" or "many" make the allegations in this sentence unanswerable. Defendants do admit, however, that species of fish and wildlife, including caribou, carnivores, marine mammals, millions of migratory birds and nesting birds of prey are found within the NPR-A at certain times of the year. Except as admitted in this paragraph the allegations of paragraph 18 of the Complaint are denied.

23. The allegations of paragraph 19 of the Complaint are admitted.

24. The allegations of the first sentence of paragraph 20 of the Complaint are admitted. In response to the allegations of the second sentence it is admitted that Teshekpuk Lake is the dominant lake feature within the Northeast Planning Area of the NPR-A and that the depth of the Lake exceeds twenty feet at certain locations. In response to the allegations of the third sentence, it is admitted that the Teshekpuk Lake Special Area includes nesting, staging and molting habitat for a large number of waterfowl and shorebirds and Teshekpuk Lake caribou herd calving, migration and insect relief habitat. Except as admitted in this paragraph, the allegations of paragraph 20 of the Complaint are denied.

25. In response to the allegations of the first sentence of paragraph 21 of the Complaint, it is admitted that the area around Teshekpuk Lake provides nesting habitat for many migratory waterfowl species including those listed in the first sentence. In response to the allegations of the second sentence of paragraph 21, it is admitted that the Teshekpuk Lake Special Use Area provides molting habitat for populations of the species listed in the second sentence. In response to the allegations of the third sentence of paragraph 21, it is admitted that spectacled eiders and the Alaska breeding population of Steller's eiders are currently listed as threatened species under the Endangered Species Act. Except as admitted in this paragraph, the allegations of paragraph 21 of the Complaint are denied.

26. In response to the allegations of paragraph 22 of the Complaint, it is admitted that portions of the area surrounding Teshekpuk Lake encompass calving grounds for the Teshekpuk Lake

caribou heard which numbered an estimated 45,000 head in 2002, and that the herd is a source of food for local Alaska Native families. Except as admitted in this paragraph, the allegations of paragraph 22 of the Complaint are denied.

27. In response to the allegations of paragraph 23 of the Complaint, it is admitted that the Teshekpuk Lake area is used by subsistence fisherman and hunters, that this use may occur throughout the year, and that there are subsistence camps and cabins in the area. Except as admitted in this paragraph, the allegations of paragraph 23 of the Complaint are denied.

28. The allegations of paragraph 24 of the Complaint are admitted.

29. The allegations of the first, second and third sentences of paragraph 25 of the Complaint summarize, characterize or paraphrase federal statutes and legislative history, to which no response is required and the statutes and legislative history described in this paragraph are the best source for their content and speak for themselves. To the extent this paragraph alleges conclusions of law, no response is required. In response to the allegations of the fourth sentence of paragraph 25, it has been determined in the Order (Docket Entry No. 73) filed on November 24, 2004, in *Northern Alaska Environmental Center et al. v. Gale Norton et al.*, No. J04-0006-CV(JKS)(D. Alaska), that oil and gas leasing within the NPR-A is authorized by the National Petroleum Reserve Protection Act as amended, 42 U.S.C. §§ 6501 *et seq.*; therefore, the allegations of the fourth sentence are denied.

30. The allegations of paragraph 26 of the Complaint are

denied. It has been determined in the Order (Docket Entry No. 73) filed on November 24, 2004, in *Northern Alaska Environmental Center et al. v. Gale Norton et al.*, No. J04-0006-CV(JKS)(D. Alaska), that oil and gas leasing within the NPR-A is authorized by the National Petroleum Reserve Production Act as amended, 42 U.S.C. §§ 6501 *et seq.*; and this ruling is binding on plaintiffs herein by operation of the doctrine of res judicata, issue preclusion, and claim preclusion.

31. The allegations of paragraph 27 summarize and characterize the provisions of a Federal statute, and are a conclusion of law, and are not factual allegations to which a response is required. The referenced statute is the best source of its own content and speaks for itself.

32. The allegations of the first sentence of paragraph 28 of the Complaint are admitted. The allegations of the second sentence of paragraph 28 summarize and characterize the provisions of regulations, and are a conclusion of law, and are not factual allegations to which a response is required. The referenced regulation is the best source of its own content and speaks for itself.

33. The allegations of paragraph 29 of the Complaint are admitted.

34. The allegations of paragraph 30 quote or paraphrase the legislative history of a Federal statute, and are a conclusion of law, and are not factual allegations to which a response is required. The referenced legislative history is the best source of its own content and speaks for itself.

35. The first sentence of paragraph 31 of the Complaint either alleges conclusions of law, which require no response, or quotes, paraphrases or characterizes an Act of Congress. The cited Act is the best source for its content and speaks for itself. With respect to the remainder of this paragraph, defendants admit that the Department of the Interior has previously offered oil and gas leases in lease sales covering portions of the NPR-A and that all leases entered into prior to 1999 expired without development of a commercial oil field. Defendants aver that three oil and gas lease sales of portions of the NPR-A were held in 1999, 2002 and 2004 and that leases awarded as a result of those sales are still in effect at the present time. Except as admitted in this paragraph, the allegations of paragraph 31 are denied.

36.  The allegations of paragraph 32 of the Complaint consist of the plaintiffs' characterization of the reasons for preparation of an Integrated Activity Plan and Environmental Impact Statement for the Northeast Planning Area of the NPR-A.  The Plan itself, the Environmental Impact Statement accompanying the plan, the Administrative Record of its consideration, and the Federal Register Notices surrounding its publication are the best sources for information regarding the plan's purposes and objectives. These sources speak for themselves; therefore, no response is required.  Nevertheless, defendants' deny that the Bureau of Land Management (BLM) prepared the Northeast Integrated Activity Plan solely in response to expressions of interest by outside parties.

37.  Defendants admit the allegations in the first and second sentences of paragraph 33 of the Complaint. With respect to the

DEFS' ANSWER AMENDED
COMPLAINT                    -8-

third sentence, defendants admit that the 1998 Northeast Integrated Activity Plan and Record of Decision made approximately 589,000 acres of the Teshekpuk Lake Special Area unavailable for leasing. The allegations of the fourth sentence of paragraph 33 are admitted.

38. The allegations of paragraph 34 of the Complaint are admitted.

39. In response to the allegations of paragraph 35 of the Complaint, it is admitted that the decision referenced in paragraph 34 of the Complaint is subject to legal challenge in the case referenced in paragraph 35.

40. In response to the allegations of the first sentence of paragraph 36 of the Complaint, it is admitted that BLM has since 1998 conducted two lease sales for the Northeast Planning Area of the NPR-A and one lease sale for the Northwest Planning Area of the NPR-A and that winter exploration has occurred in portions of the NPR-A. In response to the allegations of the second sentence it is admitted that one proposal for development in the Northeast Planning Area of the NPR-A has been approved. Except as admitted in this paragraph, the allegations of paragraph 36 are denied.

41. In response to the allegations of the first sentence of paragraph 37, it is admitted that on June 23, 2003, a notice was published in 68 Federal Register 37173, giving notice by BLM of the intent to amend the Northeast National Petroleum Reserve-Alaska Integrated Activity Plan and to prepare an accompanying environmental impact statement. The allegations of the second and third sentences of paragraph 37 are plaintiffs' summarization and

limited quotation from the notice published on June 23, 2003, and are not factual allegations to which a response is required. The notice of June 23, 2003, is the best source for its content and speaks for itself. Except as admitted in this paragraph, the allegations of paragraph 37 of the Complaint are denied.

42. The allegations of paragraph 38 of the Complaint are admitted.

43. In response to the allegations of the first sentence of paragraph 39 of the Complaint, it is admitted that three alternatives were discussed in detail in the draft EIS, and except as so admitted the allegations of the first sentence are denied. The allegations of the second, third and fourth sentences of paragraph 39 are plaintiffs' characterization of the three alternatives that were discussed in detail, and are not factual allegations to which a response is required. The draft EIS is the best source for its content and of the alternatives discussed therein and speaks for itself.

44. The allegations of paragraph 40 of the Complaint are plaintiffs' characterization of a portion of the discussion of alternative B in the draft EIS, and are not factual allegations to which a response is required. The draft EIS is the best source for its content and of the alternatives discussed therein and speaks for itself.

45. The allegations of paragraph 41 of the Complaint are plaintiffs' characterization of a portion of the discussion of alternatives B and C in the draft EIS, and are not factual allegations to which a response is required. The draft EIS is the

best source for its content and of the alternatives discussed therein and speaks for itself.

46. In response to the allegations of paragraph 42 of the Complaint, it is admitted that plaintiffs submitted comments on the draft EIS, and except as so admitted the allegations of paragraph 42 are plaintiffs' summarization and characterization of content of those comments and are not factual allegations to which a response is required. The comments submitted are the best source of the nature and content of those comments, and speak for themselves.

47. In response to the allegations of the first sentence of paragraph 43 of the Complaint it is admitted that BLM received approximately 214,665 individual comments to the draft EIS, a substantial portion of which were form responses solicited by advocacy groups opposed to action by BLM, and except as so admitted, the allegations of the first sentence are denied. The allegations of the second and third sentences of paragraph 43 are plaintiffs' characterization and identification of persons and entities submitting comments, which comments and the summarization thereof in Chapter 6 of the Northeast National Petroleum Reserve-Alaska Final Amended Integrated Activity Plan/Environmental Impact Statement (hereinafter referred to as Final EIS) are the best evidence of their own content and are not factual allegations to which a response is required.

48. In response to the allegations of paragraph 44 of the Complaint, it is admitted that comments were received from the U.S. Fish and Wildlife Service. The remaining allegations of paragraph 44 are plaintiffs' summarization, selective excerpted quotation

from or characterization of those comments and are not factual allegations to which a response is required. These comments and the summarization thereof in Chapter 6 of the Final EIS are the best source for their content and of the alternatives discussed therein and speak for themselves.

49. In response to the allegations of paragraph 45 of the Complaint, it is admitted that comments were received from the United States Environmental Protection Agency. The remaining allegations of paragraph 45 are plaintiffs' summarization, selective excerpted quotation from or characterization of those comments and are not factual allegations to which a response is required. These comments and the summarization thereof in Chapter 6 of the Final EIS are the best source for their content and of the alternatives discussed therein and speak for themselves.

50. The allegations of paragraph 46 of the Complaint are plaintiffs' summarization or characterization of comments submitted by the United States Environmental Protection Agency, and are not factual allegations to which a response is required. These comments and the summarization thereof in Chapter 6 of the Final EIS are the best source for their content and of the alternatives discussed therein and speak for themselves.

51. In response to the allegations of paragraph 47 of the Complaint, it is admitted that on January 28, 2005, a notice of the availability of the Final EIS was published by BLM at 70 Federal Register 4140, and that a notice of the availability of the Final EIS was also published by the Environmental Protection Agency on the same date at 70 Federal Register 4119.

52. In response to the allegations of the first sentence of paragraph 48 of the Complaint, it is admitted that four alternatives were discussed in detail in the Final EIS and that Alternative D was identified as the preferred alternative, and except as so admitted the allegations of the first sentence are denied. The allegations of the second sentence of paragraph 48 are plaintiffs' characterization of the preferred alternative and are not factual allegations to which a response is required. The Final EIS is the best source for its content and of the alternatives discussed therein and speaks for itself. The allegations of the third sentence of paragraph 48 are denied. The Final EIS is not a decision document and does not make any area available or unavailable for leasing. To the extent that the allegations of the third sentence are intended to be plaintiffs' description or summarization of Alternative D, the allegations of the third sentence are not factual allegations to which a response is required.

53. The allegations of paragraph 49 of the Complaint are plaintiffs' characterization of Alternative D in the Final EIS, and are not factual allegations to which a response is required, except that it is admitted that Alternative D was not set forth as such in the draft EIS. The Final EIS is the best source for its content and of the alternatives discussed therein and speaks for itself.

54. The allegations of paragraph 50 of the Complaint are plaintiffs' characterization of Alternative D in the Final EIS, and are not factual allegations to which a response is required. The Final EIS is the best source for its content and of the

alternatives discussed therein and speaks for itself.

55.  The allegations of paragraph 51 of the Complaint are plaintiffs' characterization of Alternative D in the Final EIS, and are not factual allegations to which a response is required. The Final EIS is the best source for its content and of the alternatives discussed therein and speaks for itself.

56.  The allegations of paragraph 52 of the Complaint are denied. The Final EIS is not a decision document and does not make any area available or unavailable for leasing. To the extent that these allegations are intended to be plaintiffs' description or summarization of the Final EIS, the allegations of paragraph 52 are not factual allegations to which a response is required. The Final EIS is the best source for its content and of the alternatives discussed therein and speaks for itself.

57.  The allegations of paragraph 53 of the Complaint are plaintiffs' characterization of the Final EIS, and are not factual allegations to which a response is required. The Final EIS is the best source for its content and of the alternatives discussed therein and speaks for itself.

58.  The allegations of paragraph 54 of the Complaint are plaintiffs' characterization of the Final EIS, and are not factual allegations to which a response is required. The Final EIS is the best source for its content and of the alternatives discussed therein and speaks for itself.

59.  The allegations of paragraph 55 of the Complaint are plaintiffs' characterization of the Final EIS, and are not factual allegations to which a response is required. The Final EIS is the

best source for its content and of the alternatives discussed therein and speaks for itself.

60. In response to the allegations of paragraph 56 of the Complaint, it is admitted that the Bureau of Land Management initiated consultation on the proposal to modify the existing oil and gas leasing plan for the Northeast Planning Area of the National Petroleum Reserve - Alaska pursuant to the Endangered Species Act with the Fish and Wildlife Service, that the Northeast planning area contains habitat of the Steller's and spectacled eiders and except as so admitted, the allegations of paragraph 56 are denied.

61. In response to the allegations of the first sentence of paragraph 57 of the complaint, it is admitted that some Steller's and spectacled eider breed in the Northeast planning area. With respect to the second sentence, defendants note that plaintiffs' use of vague or ambiguous adjectives such as "particularly important" and "highest concentrations" make the allegations of this sentence unanswerable. Defendants do admit, however, that there are spectacled and Steller's eiders that breed in areas that can be considered to be northeast of Teshekpuk Lake. Except as admitted in this paragraph the allegations of paragraph 57 of the complaint are denied.

62. In response to the allegations of the first sentence of paragraph 58 is admitted that on January 12, 2005, a biological opinion was issued by the Fish and Wildlife Service and that this opinion was amended on June 21, 2005. The allegations of the second sentence of paragraph 58 constitute plaintiff's characterization of

DEFS' ANSWER AMENDED
COMPLAINT

-15-

the Final Biological Opinion (01-12-2005) Document No. 8364 of the Administrative Record certified (Docket Entry No. 22) on March 17, 2006, and which speaks for itself and is the best evidence of its own content, and are not factual allegations to which a response is required.

63. The allegations of paragraph 59 of the Complaint constitute plaintiff's characterization of the Final Biological Opinion (01-12-2005) Document No. 8364 of the Administrative Record certified (Docket Entry No. 22) on March 17, 2006, and which speaks for itself and is the best evidence of its own content, and are not factual allegations to which a response is required.

64. The allegations of the first sentence of paragraph 60 of the Complaint are admitted. The allegations of the second sentence of paragraph 60 constitute plaintiffs' characterization of the Northeast Petroleum Reserve - Alaska Final Amended Integrated Activity Plan/Environmental Impact Statement Record of Decision, which documents speaks for itself and is the best evidence of its own content, and are not factual allegations to which a response is required.

65. In response to the allegations of the first sentence of paragraph 61 of the Complaint, 42 U.S.C. § 6508 contain provisions that are the best source of its content and speaks for itself regarding the timing of the filing of actions seeking judicial review of environmental impact statements under 42 U.S.C. § 4332. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of the second sentence of paragraph 54 of the Complaint regarding plaintiffs' belief as to

the applicability of 42 U.S.C. § 6508 to this action; however, defendants contend that this statute is applicable.

66. In response to the allegations of paragraph 62 of the Complaint, defendants incorporate by reference defendants' responses to the allegations in paragraphs 1 through 65 above.

67. The allegations of paragraph 63 of the Complaint constitute conclusions of law, and are not factual allegations to which a response is required.

68. The allegations of paragraph 64 of the Complaint constitute conclusions of law, and are not factual allegations to which a response is required.

69. The allegations of paragraph 65 of the Complaint are denied.

70. The allegations of paragraph 66 of the Complaint are denied.

71. The allegations of paragraph 67 of the Complaint are denied.

72. The allegations of paragraph 68 of the Complaint are denied.

73. The allegations of paragraph 69 of the Complaint are denied.

74. The allegations of paragraph 70 of the Complaint are denied.

75. The allegations of paragraph 71 of the Complaint are denied.

76. The allegations of paragraph 72 of the Complaint are denied.

77. The allegations of paragraph 73 of the Complaint are denied.

78. In response to the allegations of paragraph 74 of the Complaint, defendants incorporate by reference defendants' responses to the allegations in paragraphs 1 through 77 above.

79. The allegations of paragraph 75 of the Complaint summarize and characterize the provisions of a Federal statute, and are conclusions of law, and are not factual allegations to which a response is required.

80. In response to the allegations of the first sentence of paragraph 76 of the complaint, it is admitted that the referenced decision may affect the spectacled and Steller's eiders and that spectacled eiders and the Alaska breeding populations of Steller's eiders are currently listed as threatened under the Endangered Species Act. The allegations of the second sentence of paragraph 76 of the Complaint constitute conclusions of law, and are not factual allegations to which a response is required. Except as admitted in this paragraph, the allegations of paragraph 76 of the complaint are denied.

81. In response to the allegations of paragraph 77 of the Complaint, it is admitted that when formal consultations are conducted under the ESA, that the consulted agency is to issue a biological opinion, that formal consultations were held by the Bureau of Land Management with the Fish and Wildlife Service with respect to the proposal to modify the existing Integrated Activity Plan for the Northeast Planning Area of the National Petroleum Reserve - Alaska, and that the Fish and Wildlife Service issued a

biological opinion. Except as admitted in this paragraph, the allegations of paragraph 77 constitute conclusions of law, and are not factual allegations to which a response is required.

82. The allegations of paragraph 78 of the Complaint are denied.

83. The allegations of paragraph 79 of the Complaint are denied.

84. In response to the allegations of paragraph 80 of the Complaint, defendants incorporate by reference defendants' responses to the allegations in paragraphs 1 through 83 above.

85. The allegations of paragraph 81 of the Complaint summarize and characterize the provisions of a Federal statute, and are conclusions of law, and are not factual allegations to which a response is required.

86. The allegations of paragraph 82 of the Complaint are denied.

87. The allegations of paragraph 83 of the Complaint are denied.

88. The allegations of paragraph 84 of the Complaint are denied.

89. Except as admitted in paragraphs 1 through and including 88 above, the allegations of the Complaint are denied.

AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. The court lacked jurisdiction over this action at the time it was filed because Defendants had not taken any final agency

action; therefore, the Court lacks jurisdiction over this action as stated in the First Amended Complaint for Declaratory and Injunctive Relief (5 U.S.C. §§ 702-706; 42 U.S.C. § 4332; 16 U.S.C. § 1536; 42 U.S.C. §§ 6504(b), 6508)(Docket Entry No. 18).

3. To the extent plaintiffs raise issues or claims in this action which were not previously presented to the agency, those issues or claims are barred by reason of the failure to exhaust administrative remedies.

4. To the extent plaintiffs present to the Court any issue or contention which is now contrary to any position taken by plaintiffs in the administrative proceedings, plaintiffs have waived the right to present of any such issue, contention or claim.

5. Plaintiffs are barred by the doctrines of res judicata and collateral estoppel from relitigating some or all of the claims it presents in the Complaint.

6. Plaintiffs had not suffered any injury as a result of defendants' release of the Northeast National Petroleum Reserve-Alaska Final Amended Integrated Activity Plan/Environmental Impact Statement; therefore, they lacked standing to commence this action and the Court lacked jurisdiction over this action at the time it was filed, and now consequently the court lacks jurisdiction over the action stated in the First Amended Complaint for Declaratory and Injunctive Relief (5 U.S.C. §§ 702-706; 42 U.S.C. § 4332; 16 U.S.C. § 1536; 42 U.S.C. §§ 6504(b), 6508)(Docket Entry No. 18).

7. Plaintiffs have failed to give the sixty (60) day notice required by the Endangered Species Act, 16 U.S.C. § 1531 et seq.

Dated this 10th day of April 2006.

/S/ Dean K. Dunsmore
DEAN K. DUNSMORE
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone:(907)271-5452
Facsimile: (907)271-5827
Email: dean.dunsmore@usdoj.gov

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on the 10th day of April 2006 a copy of the foregoing **DEFENDANTS' ANSWER TO AMENDED COMPLAINT** was served electronically on:

Deirdre McDonnell
Jeffrey W. Leppo
Laura J. Beveridge
Ethan Falatko
David C. Crosby


/s/ Dean K. Dunsmore
DEAN K. DUNSMORE