Deirdre McDonnell
Layla Hughes
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Phone: (907) 586-2751
Fax:    (907) 463-5891
Email: dmcdonnell@earthjustice.org

*Attorneys for Plaintiffs National Audubon Society, et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, ALASKA WILDERNESS LEAGUE, CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, NORTHERN ALASKA ENVIRONMENTAL CENTER, SIERRA CLUB, and THE WILDERNESS SOCIETY,<br><br>    Plaintiffs,<br><br>    v.<br><br>P. LYNN SCARLETT, Acting Secretary of the Interior[1];<br>HENRI BISSON, State Director, Bureau of Land Management;<br>TOM MELIUS, Regional Director, United States Fish and Wildlife Service[2];<br>BUREAU OF LAND MANAGEMENT,<br>UNITED STATES FISH AND WILDLIFE SERVICE, and<br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendants, and<br><br>CONOCOPHILLIPS ALASKA, INC., ANADARKO PETROLEUM CORPORATION, ARCTIC SLOPE REGIONAL CORPORATION, and STATE OF ALASKA,<br><br>    Intervenor-Defendants. | Case No. 1:05-cv-00008-JKS |

**MOTION TO FILE SECOND AMENDED COMPLAINT**

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), P. Lynn Scarlett has been automatically substituted for Gale Norton.
[2] Pursuant to Fed. R. Civ. P. 25(d)(1), Tom Melius has been automatically substituted for Rowan Gould.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs National Audubon Society, Alaska Wilderness League, Center for Biological Diversity, Natural Resources Defense Council, Northern Alaska Environmental Center, Sierra Club, and The Wilderness Society hereby move to file the attached First Amended Complaint. The purpose of this motion is to include the Bureau of Land Management (BLM) as a defendant to one of the claims alleged in the original complaint, and to state more fully the scope of that claim. Counsel for Plaintiffs contacted Defendants' counsel concerning this motion and each takes no position on the motion at this time.

## BACKGROUND

Plaintiffs' First Amended and Supplemental Complaint for Declaratory and Injunctive Relief filed March 10, 2006 (Docket No. 18) (Complaint) includes claims challenging the BLM's decision to open the Northeast planning area to oil leasing under the National Environmental Policy Act (NEPA), the Endangered Species Act (ESA), and the National Petroleum Reserve Production Act. Count II of the complaint alleges that the Fish and Wildlife Service's biological opinion violated the ESA and the Administrative Procedures Act (APA) by failing to consider the full potential impact of the decision on Steller's and spectacled eiders. Complaint at 16-17, ¶ 78-79.

Such a challenge to a biological opinion is properly pled pursuant to the APA and does not require a claim be stated under the ESA citizen suit provision, with its accompanying requirement for a sixty-day notice letter. See Southwest Ctr for Biological Diversity v. United States Bureau of Reclamantion, 143 F.3d 515, 522 (9th Cir. 1998) (noting that the ESA makes no provision for judicial review of final agency action, so the APA governs challenge to issuance of a biological opinion.)

1:05-cv-0008-JKS

Defendants have argued in related separate litigation over the Northwest planning area of the National Petroleum Reserve-Alaska that a claim against the BLM based on an unlawful biological opinion must be brought under the ESA citizen suit provision. Though the Ninth Circuit has not reached this conclusion, to avoid a dispute over jurisdiction, Plaintiffs originally pled the ESA claim under the APA against the FWS and on March 10, 2006, Plaintiffs sent a letter to Defendants, notifying the agencies of Plaintiffs' intent to sue under the ESA citizen suit provision. 16 U.S.C. § 1540(g)(2)(A). Now that 60 days have expired from the date of that notice, Plaintiffs seek to amend the complaint to include BLM as a defendant to the ESA challenge under the ESA citizen suit provision or, in the alternative, under the APA.

In addition, Plaintiffs move to state fully their claim under Count II of the complaint. With this amendment, Plaintiffs seek to specifically describe a claim relating to BLM's and FWS's failure to consider the full effects of opening the Northeast planning area resulting from changes to the environmental baseline as required under 50 C.F.R. § 402.02.

Plaintiffs also note the second amended complaint automatically substitutes P. Lynn Scarlett as the Acting Secretary of the Interior and Tom Melius as the Regional Director of the United States Fish and Wildlife Service pursuant to Fed. R. Civ. P. 25(d)(1)

ARGUMENT

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is 'to be applied with extreme liberality.'" Eminence Capital v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, 244 F.3d 708, 712 (9th Cir. 2001)).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

      amendment, etc. – the leave sought should, as the rules require, be "freely
      given."

Id. at 1052 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  However, "it is the consideration of prejudice to the opposing party that carries the greatest weight."  Id.  A party opposing the amendment has the burden of demonstrating prejudice.  Id.

      There will be no prejudice to Defendants from granting this motion and there has been no undue delay in the filing of this motion.  The motion is filed only two months after the initiation of the action.  Its primary purpose is to avoid a jurisdictional dispute over Plaintiffs' ability to raise the same ESA claim against both the FWS and the BLM arriving out of an unlawful biological opinion.  Defendants had ample notice of Plaintiffs' intent to challenge their actions under the ESA.  Plaintiffs original complaint stated a claim against one of the agency defendants challenging the adequacy of the biological opinion for failure to consider the full impacts of the decision on the listed eider species.  Moreover, Plaintiffs provided notice to defendants through a sixty-day notice letter on March 10, 2006.  Subsequent to review of the administrative record, the amended complaint also states in more detail one way in which the biological opinion fails to consider the full effects of the decision, but this further detail in the complaint does not prejudice the Defendants.  Briefing is not yet complete, and Defendants will have an opportunity to address fully the ESA claims in their brief.

CONCLUSION

      For the foregoing reasons, the Court should grant Plaintiffs' motion to file a Second Amended Complaint.

Dated this 24th day of May 2006.

                    Respectfully submitted,

                    /s/ Deirdre McDonnell
                    Deirdre McDonnell (AK Bar # 0111082)
                    Layla Hughes (AK Bar # 0312094)
                    Eric P. Jorgensen (AK Bar # 8904010)
                    EARTHJUSTICE
                    325 Fourth Street
                    Juneau, Alaska 99801
                    Phone: (907) 586-2751
                    Fax:   (907) 463-5891
                    Email: dmcdonnell@earthjustice.org

                    *Attorneys for Plaintiffs National Audubon Society, Alaska Wilderness League, Center for Biological Diversity, Natural Resources Defense Council, Northern Alaska Environmental Center, Sierra Club, and The Wilderness Society*

## CERTIFICATE OF SERVICE

I, Deirdre McDonnell, hereby certify that on May 24, 2006, a copy of the MOTION TO FILE SECOND AMENDED COMPLAINT was served electronically on:

**Dean K. Dunsmore**
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B. Street, Suite 504
Anchorage, AK 99501-3657

**Jeffrey W. Leppo**
**Laura J. Beveridge**
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101

**David C. Crosby**
DAVID C. CROSBY, P.C.
5280 Thane Road
Juneau, AK 99801-7717

**Ethan Falatko**
**Lawrence Z. Ostrovsky**
STATE OF ALASKA
Office of the Attorney General
P.O. Box 110300
Juneau, AK 99811-0300


  /s/ Deirdre McDonnell
  Deirdre McDonnell