Deirdre McDonnell
Layla Hughes
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Phone: (907) 586-2751
Fax:    (907) 463-5891
Email: dmcdonnell@earthjustice.org

*Attorneys for Plaintiffs National Audubon Society, et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, ALASKA WILDERNESS LEAGUE, CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, NORTHERN ALASKA ENVIRONMENTAL CENTER, SIERRA CLUB, and THE WILDERNESS SOCIETY,<br><br>            Plaintiffs,<br><br>                         v.<br><br>DIRK KEMPTHORNE, Secretary of the Interior[1];<br>HENRI BISSON, State Director, Bureau of Land Management;<br>TOM MELIUS, Regional Director, United States Fish and Wildlife Service[2];<br>BUREAU OF LAND MANAGEMENT,<br>UNITED STATES FISH AND WILDLIFE SERVICE, and<br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>            Defendants, and<br><br>CONOCOPHILLIPS ALASKA, INC., ANADARKO PETROLEUM CORPORATION, ARCTIC SLOPE REGIONAL CORPORATION, and STATE OF ALASKA,<br><br>            Intervenor-Defendants. | Case No. 1:05-cv-00008-JKS |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Dirk Kempthorne has been automatically substituted for Gale Norton.
[2] Pursuant to Fed. R. Civ. P. 25(d)(1), Tom Melius has been automatically substituted for Rowan Gould.

Plaintiffs seek to amend their complaint to plead, in the alternative, a claim under the Endangered Species Act against the Bureau of Land Management (BLM) and to state more fully the claim in their First Amended Complaint against the Fish and Wildlife Service (FWS). Under the Federal Rules, leave to amend should be freely granted, "Denial is proper only when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made."   United Union of Roofers v. Insurance Corp. of Am., 919 F.2d 1398, 1402 (9th Cir. 1990). While Defendant-Intervenors oppose this motion, they have not claimed any prejudice from the amendment. See Eminence Capital v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Wright & Miller, Federal Practice and Procedure § 1487 (stating under Rule 15, "if no prejudice will accrue, the amendment should be allowed."). Defendant-Intervenors' sole argument is that the Court should not allow Plaintiffs to amend because the proper basis for Plaintiffs' challenge to the biological opinion is under the Administrative Procedure Act (APA). The Court need not decide whether the APA or the ESA is the proper basis for the claim at this point. It is appropriate to allow the Plaintiffs to plead the claim in the alternative and resolve the issue, if necessary, after the case has been briefed fully.

It is clearly established that a claim against the FWS concerning the adequacy of a biological opinion is governed by the APA. See Bennett v. Spear, 520 U.S. 154 (1998); Southwest Center for Biological Diversity v. Bureau of Reclamation, 143 F.3d 515 (9th Cir. 1988). For that reason, Plaintiffs asserted this claim against the FWS in the First Amended Complaint under the APA. However, the Supreme Court and the Ninth Circuit have not resolved the issue of whether a similar claim against the action agency, in this case the BLM, should be brought under the APA or the ESA's citizen suit provision. In previous litigation challenging the biological opinion for the Northwest planning area, the government argued that an ESA claim

against the BLM could only be brought under the ESA's citizen suit provision.[3] To avoid any potential problems, Plaintiffs gave notice of the violation in accordance with the ESA's citizen suit provision and are seeking to amend the Complaint to plead the ESA as an alternative basis for jurisdiction. Indeed, the plaintiffs in Bennett v. Spear appear to have pled alternative claims under the ESA and the APA. See 520 U.S. at 160.

The Court should allow Plaintiffs to plead this claim in the alternative and defer any decision on the jurisdictional question until the matter has been fully briefed if resolution of the issue is required. See Breier v. No. Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 790 (9th Cir. 1963) (stating "it would be undesirable to resolve important legal questions on the basis of allegations which are incomplete"). In Breier, the Ninth Circuit declined to speculate on the legal basis of a proposed amendment, stating "the sufficiency of an amended pleading ordinarily will not be considered on motion for leave to amend." Id.

Moreover, the Second Amended Complaint more fully states Plaintiffs' claims challenging the adequacy of the biological opinion and for this reason the motion is also not futile and should be granted.

---

[3] Defendant-Intervenors suggest, without support, that Plaintiffs cannot assert a claim against BLM concerning the biological opinion until the Court concludes the biological opinion is invalid. If, as Plaintiffs allege, the biological opinion is inadequate, the BLM is in violation of its obligation to ensure its actions do not jeopardize listed species and the Court can adjudicate that question in conjunction with its review of the biological opinion.

Dated this 16th day of June 2006.

>Respectfully submitted,
>
> /s/ Deirdre McDonnell
>Deirdre McDonnell (AK Bar # 0111082)
>Layla Hughes (AK Bar # 0312094)
>Eric P. Jorgensen (AK Bar # 8904010)
>EARTHJUSTICE
>325 Fourth Street
>Juneau, Alaska 99801
>Phone: (907) 586-2751
>Fax:    (907) 463-5891
>Email: dmcdonnell@earthjustice.org
>
>Attorneys for Plaintiffs National Audubon Society, Alaska Wilderness League, Center for Biological Diversity, Natural Resources Defense Council, Northern Alaska Environmental Center, Sierra Club, and The Wilderness Society

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2006, a copy of the PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND was served electronically on:

**Dean K. Dunsmore**
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B. Street, Suite 504
Anchorage, AK 99501-3657

**Jeffrey W. Leppo**
**Laura J. Beveridge**
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101

**David C. Crosby**
DAVID C. CROSBY, P.C.
5280 Thane Road
Juneau, AK 99801-7717

**Ethan Falatko**
**Lawrence Z. Ostrovsky**
STATE OF ALASKA
Office of the Attorney General
P.O. Box 110300
Juneau, AK 99811-0300


  /s/ Deirdre McDonnell
  Deirdre McDonnell