David C. Crosby
David C. Crosby, PC
5280 Thane Road
Juneau, Alaska 99801-7717
Tel: (907) 586-6262
Fax: (907) 586-5959
E-Mail: crosbylaw@gci.net

Attorney for Intervenor/Defendant
Arctic Slope Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, et al., ) <br> ) <br> Plaintiffs,    ) <br> ) <br>    v.    ) <br> ) <br> DIRK KEMPTHORNE, Secretary of the) <br> Interior, et al.,    ) <br> ) <br> Defendants.    ) <br> _____) | Case No. 1:05-cv-00008-JKS <br><br> INTERVENOR/DEFENDANTS' <br> MOTION TO STRIKE <br> EXRA-RECORD MATERIALS |

I.   INTRODUCTION

Intervenor/Defendants Arctic Slope Regional Corporation, the State of Alaska, ConocoPhillips Alaska, Inc., and Anadarko Petroleum Corporation move to strike the "expert declarations" and other non-record materials attached to Plaintiffs' Opening Brief.  Plaintiffs have not complied with the procedural requirements of Local Rule 16.3, and the materials submitted do not satisfy any of the Ninth Circuit's tests for consideration of extra-record materials in agency review proceedings.

II.  BACKGROUND

On March 17, 2006, the Federal Defendants filed the record with the court.  The certificate of service indicates that an electronic copy of the record was served on the Plaintiffs on March 16, 2006.  A notice of supplementation of the record was filed on April 14, 2006.

On May 24, 2006, Plaintiffs filed their Opening Brief.  Attached to their brief are the "expert declarations" of John Schoen, (P.Ex. 59)[1] and Jack W. Lentfer (P.Ex. 60), as well as a technical article by Ward, et al., "North American Brant: effects of changes in habitat and climate on population dynamics" (P.Ex. 45), which was published in 2005, after release of the IAP/EIS in January 2005.

In a footnote, Plaintiffs explain that these extra-record materials – which deal with the effects of global warming on caribou, polar bears, and brant – are submitted to demonstrate that the Bureau of Land Management ("BLM") failed to consider all relevant factors, failed to explain its decision and neglected to mention a serious environmental consequence.  Plaintiff's Opening Brief at 28, n6.

---

[1]  In this memorandum, references to exhibits to Plaintiffs' Opening Brief will be abbreviated "P.Ex."

Mr. Schoen is a long time member and employee of plaintiff Audubon Society (P.Ex. 78, ¶ 2; P.Ex. 59, ¶ 1) and a wildlife biologist.  Mr. Lintier is also a wildlife biologist and a member of five of the seven plaintiff organizations (P.Ex. 73, ¶ 8).  Neither claim any expertise with respect to global warming or climate change.

The plaintiff organizations commented extensively on both the draft and final IAP/EIS, including extended comments on BLM's treatment of global warming/climate change.  See, e.g., P.Ex. 24 at pages 13-14.  Plaintiffs have not offered the Court any explanation why these extra-record materials – and in particular the "expert" views of their own members and employees – were not supplied to BLM before the record was closed.  See Lands Council v. United States Forest Service, supra, 395 F.3d at 1030, n.10 (extra-record material should normally be presented to agency before offering it to the court).

III. ARGUMENT

    A.   Plaintiffs Have Not Complied with Local Rule 16.3.

In March 2005, the Court adopted Local Rule 16.3, designed to streamline and expedite the resolution of appeals from the decisions of administrative agencies.  EarthJustice, which probably participates in more agency appeals before this

Court than any law firm except the Justice Department, was either aware, or should have been aware, of the requirements of the rule.

    Local Rule 16.3(b)(2) provides:

> A request to augment the agency record must be filed not later than 15 days after notice is given that the agency record has been filed with the court.

    The rule gives the government timely notice of any omissions from the record, allows the court to address the issue of the adequacy of the record separately, and avoids the practice of presenting extra-record materials for the first time in the briefs on the merits, portions of which may have to be stricken along with the extra-record material.  See <u>Center for Biological Diversity v. United States Fish and Wildlife Service</u>, __ F.3d __, 2006 U.S. App. LEXIS 13794, *37, n. 21 (9th Cir. 2006) ("<u>CBD v. USF&WS</u>") (appropriate remedy where extra-record materials are improperly appended to brief on the merits is to strike extra-record materials from record and the portions of the brief that refer to the documents); <u>accord</u> <u>Rybacheck v. EPA</u>, 904 F.2d 1276, 1296, n.25 (9th Cir. 1990).

    As the following section demonstrates, supplementation of the record is allowed only in very narrow circumstances.  The burden is on the proponent of supplementation to make the

4

initial showing that the administrative record is inadequate for effective review and that one of the narrow exceptions applies. The rule requires that this showing be made prior to the submission of briefs on the merits, not in summary footnotes to a merits brief.

Plaintiffs have failed to comply with Local Rule 16.3, and the extra-record materials attached to their brief, and any references to those materials in their brief, should be stricken.

    B.    The Extra-Record Materials Submitted by the Plaintiffs do not Meet Any of the Limited Exceptions for Supplementation of the Record.

The United States Supreme Court and the Ninth Circuit have repeatedly cautioned that "the focal point of judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." CBD v. USF&WS, 2006 U.S. App. LEXIS 13794 at *37, quoting Camp v. Pitts, 411 U.S. 138, 142 (1973).

The Ninth Circuit recognizes only four narrow exceptions to the rule of review on the record:

> (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision,
>
> (2) when the agency has relied on documents not in the record,

5

> (3) when supplementing the record is
> necessary to explain technical or complex
> subject matter, [or] . . .
>
> (4) when plaintiffs make a showing of agency
> bad faith.

2006 U.S. App. LEXIS 13794 at *35, quoting Southwest Center for Biological Diversity v. United States Forest Service, 100 F.3d 1443, 1450 (9th Cir. 1996).

The exceptions to record review "are narrowly construed and applied." Lands Council v. United States Forest Service, 395 F.3d 1019, 1030 (9th Cir. 2005). The Court explained in that case:

> The scope of these exceptions permitted by
> our precedent is constrained, so that the
> exception does not undermine the general
> rule. Were the federal courts routinely or
> liberally to admit new evidence when
> reviewing agency decisions, it would be
> obvious that the federal courts would be
> proceeding, in effect, de novo rather than
> with the proper deference to agency
> processes, expertise, and decision making.

395 F.3d at 1030.[2]

In their footnote argument supporting supplementation, the Plaintiffs invoke only exception (1) - i.e., that the documents are "necessary to determine whether the agency has considered all relevant factors and has explained its

---

[2] This Court's decision to strike the extra-record materials may be reversed only for an abuse of discretion. CBD v. USF&WS, 2006 U.S. App. LEXIS 13794, *34, n.19.

6

decision."[3]  Plaintiffs do not argue, however, that BLM failed to consider the impact of global warming or climate change.  Nor could they: in addition to a general description of the phenomenon in the "Affected Environment" section of the IAP/EIS,[4] specific descriptions of the impacts of global climate change are given for key species of concern to Plaintiffs, including birds,[5] caribou,[6] and marine mammals, including polar bears.[7]

Plaintiff's objection is not to whether BLM considered global climate change, but how it considered those impacts – an argument over methodology that neither requires nor is advanced in any meaningful way by the extra-record materials attached to Plaintiffs' brief.  While far from clear, it appears to be Plaintiffs' argument that instead of treating global warming as a cumulative impact common to all

---

[3]    Assuming for the sake of argument that global warming or climate change is a "technical or complex subject" the declarations are of no help to the Court since neither of the declarants claims any expertise in this area.

[4]    Section 3.2.1.1, page 3-7 through 3-9.

[5]    Section 4.7.7.8, page 4-511.  See also section 3.3.8.3, page 3-56.

[6]    Section 4.7.7.9, page 4-518.

[7]    Section 4.7.7.9, page 4-424.  See also section 3.3.7.2, page 3-56.

7

alternatives,[8] BLM instead should have constructed some hypothetical description of the planning area under future global warming conditions and then described the direct and indirect impacts of each of the alternatives against this hypothetical scenario.

Intervenor/Defendants will address the flaws in Plaintiffs' legal argument and reasoning in their response to the brief on the merits.  For purposes of this motion it suffices to say that the extra-record materials do not disclose that BLM either failed to consider the effects of global warming or to explain its decision in light of those impacts.  Apart from the deference usually accorded to an agency in matters of methodology,[9] the declarations submitted by Plaintiffs do not suggest how BLM could have gone about constructing this hypothetical future description of an environment changed by global warming.  The declarations of

---

[8]    Table 2-3 of the IAP/EIS, pages 1-133 through 2-142, provides a side-by-side comparison of alternatives which treats global warming/climate change as a cumulative impact applicable to all alternatives.

[9]    See, e.g., Association of Public Agency Customers v. Bonneville Pow. Admin. v. Bonneville Pow. Admin., 126 F.3d 1158, 1188 (9th Cir. 1997) ("The requisite "hard look" does not require adherence to a particular analytical protocol.")  The Court held that where quantitative numbers of long term environmental impacts are not available with any acceptable certainty, agency may assume that relationship between variables in the short run will hold true in the long term.

Messrs. Schoen and Lentfer consist largely of a description of the impacts of global warming on polar bears and caribou – information already in the IAP/EIS[10] – followed by speculation that the effects of global warming when combined with oil and gas development "may not simply be additive," without describing how or why this should be so, or how BLM could or should have gone about assessing these supposedly potentially "synergistic" impacts.  Schoen declaration, P.Ex. 59, ¶ 22; Lentfer declaration, P.Ex. 60, ¶ 18.

Plaintiffs' Exhibit 45, the Brant article, describes the importance of certain Alaska habitats to the Brant – information already in the record – but has little to say about the impacts of global warming on Brant populations.  Moreover, the article was not published until after the final IAP/EIS was released and could not have been considered by BLM, in any event.  Plaintiffs offer no explanation as to how this article demonstrates that BLM failed to consider a relevant factor or explain its decision.  Plaintiffs' Exhibit 45 should be stricken as well.

---

[10]  The exceptions to record review do not allow for extra-record evidence where the extra-record material "might [ ] suppl[y] a fuller record, but otherwise does not address issues not already [in the administrative record]."  Southwest Center for Biological Diversity v. United States Forest Service, 100 F.3d 1443, 1451 (9th Cir. 1996); Friends of the Earth v. Hintz, 800 F2d 822, 829 (9th Cir. 1986)

9

IV. CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs' Exhibits 45, 59 and 60 from the record, and also strike those portions of Plaintiffs' Opening Brief that make reference to those exhibits.  CBD v. USF&WS, supra, 2006 U.S. App. LEXIS 13794, *37, n. 21 (appropriate remedy where extra-record materials are improperly appended to brief on the merits is to strike extra-record materials from record and the portions of the brief that refer to the documents).

DATED this 19 day of June, 2006.

                Respectfully submitted,

                DAVID C. CROSBY, P.C.

                /s/  David C. Crosby_____
                David C. Crosby
                Alaska Bar No. 7106006

                Attorney for Intervenor/
                Defendant Arctic Slope
                Regional Corporation

                STOEL RIVES LLP

                /s/  Jeffrey W. Leppo\_\_\_\_\_
                Jeffrey W. Leppo
                AK Bar #0001003

                Attorney for Intervenor/
                Defendants ConocoPhillips
                Alaska, Inc. and Anadarko
                Petroleum Corporation

STATE OF ALASKA

/s/ Ethan Falatko
Ethan Falatko
Alaska Bar No. 0112093

Attorney for Intervenor/
Defendant State of Alaska

The undersigned certifies that on June 19, 2006, a copy of this document was served electronically on:

Deirdre McDonnell
Layla Hughes
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801

Dean K. Dunsmore
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657

Jeffrey W. Leppo
Laura J. Beveridge
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101

Ethan Falatko
Lawrence Z. Ostrovsky
STATE OF ALASKA
P.O. Box 110300
Juneau, AK 99811-0300

/s/ David C. Crosby
David C. Crosby

Motion To Strike.045