Jeffrey W. Leppo
Laura J. Beveridge
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington  98101
Phone:  (206) 624-0900
Fax:  (206) 386-7500
Email:  jwleppo@stoel.com

*Attorneys for Intervenor-Defendants ConocoPhillips Alaska, Inc., and Anadarko Petroleum Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, ALASKA WILDERNESS LEAGUE, CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, NORTHERN ALASKA ENVIRONMENTAL CENTER, SIERRA CLUB, and THE WILDERNESS SOCIETY,<br><br>                  Plaintiffs,<br>    v.<br><br>DIRK KEMPTHORNE, Secretary of the Interior; HENRI BISSON, State Director, Bureau of Land Management; TOM MELIUS, Regional Director, United States Fish and Wildlife Service; BUREAU OF LAND MANAGEMENT, UNITED STATES FISH AND WILDLIFE SERVICE, and the UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>                  Defendants, and<br><br>CONOCOPHILLIPS ALASKA INC., ANADARKO PETROLEUM CORPORATION, ARCTIC SLOPE REGIONAL CORPORATION, and the STATE OF ALASKA<br>                  Intervenor-Defendants | Case. No.<br>    <u>1:05-CV-00008-JKS</u> |

**ANSWER TO THE SECOND AMENDED COMPLAINT OF INTERVENOR-DEFENDANTS CONOCOPHILLIPS ALASKA, INC. AND ANADARKO PETROLEUM CORPORATION**

1

Intervenor-Defendants ConocoPhillips Alaska, Inc., and Anadarko Petroleum Corporation (collectively "Intervenor-Defendants") answer the Second Amended Complaint for Declaratory and Injunctive Relief filed by plaintiffs' National Audubon Society, Alaska Wilderness League, Center for Biological Diversity, Natural Resources Defense Council, Northern Alaska Environmental Center, Sierra Club and The Wilderness Society (collectively "NAS") as follows:[1]

## NATURE OF THE CASE

1-4.  Paragraphs 1 through 4 state NAS's characterization of its lawsuit and, therefore, do not require a response.  To the extent these paragraphs contain anything other than NAS's characterizations of its lawsuit, Intervenor-Defendants deny all such allegations.

## JURISDICTION

5.  In response to the allegations contained in paragraph 5, Intervenor-Defendants state that the Court's jurisdiction is a matter of law that does not require a response, and further state that the law cited by NAS speaks for itself.

## PLAINTIFFS

3[2]–9.  In response to the allegations contained in paragraphs 3 through 9, Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, deny each and every allegation.

---

[1] The numbered paragraphs of this Answer respond to the correspondingly numbered paragraphs of the Second Amended Complaint.

[2] The Second Amended Complaint renumbers paragraph 6 as a second paragraph 3.  This misnumbering carries forward through the rest of the pleading, with each succeeding paragraph misnumbered by six places.  Intervenor-Defendants have continued to follow NAS's misnumbering in the belief that this approach is the least confusing choice among those available.

10. In response to the allegations contained in paragraph 10, Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and, therefore, deny each and every allegation. Intervenor-Defendants deny each and every allegation contained in the second sentence of paragraph 10.

11. In response to the allegations contained in paragraph 11, Intervenor-Defendants deny each and every allegation.

12. In response to the allegations contained in paragraph 12, Intervenor-Defendants admit that some Plaintiffs, but not the National Audubon Society, submitted comments to the BLM on the draft and the final Amended Integrated Activity Plan/Environmental Impact Statement ("IAP/EIS") for the Northeast Planning Area of the National Petroleum Reserve – Alaska ("Petroleum Reserve"). Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of all other allegations and, therefore, deny each and every other allegation in paragraph 12.

## DEFENDANTS

13–15. In response to the allegations contained in paragraphs 13 through 15, Intervenor-Defendants admit NAS's allegations.

16. In response to the allegations contained in paragraph 16, Intervenor-Defendants admit that the BLM is an agency of the United States Department of Interior responsible for managing lands within the Northwest Planning Area of the Petroleum Reserve.

17. In response to the allegations contained in paragraph 17, Intervenor-Defendants admit that the United States Fish and Wildlife Service is an agency of the United States

Department of Interior responsible for implementation of the Endangered Species Act with respect to terrestrial and freshwater aquatic species.

## BACKGROUND

18.     In response to the allegations contained in paragraph 18, Intervenor-Defendants admit that the Petroleum Reserve covers approximately 23.5 million acres of public land on Alaska's North Slope, but deny that the Petroleum Reserve is "unprotected." Intervenor-Defendants admit that the remaining allegations in paragraph 18 provide a very general description of aspects of the Petroleum Reserve.

19.     Intervenor-Defendants admit the allegations contained in paragraph 19.

20-23.  In response to the allegations contained in paragraphs 20 through 23, Intervenor-Defendants admit that the Teshekpuk Lake Special Area encompasses approximately 1.7 million acres, and that the prominent feature of the Teshekpuk Lake Special Area is Teshekpuk Lake. Intervenor-Defendants further admit that the Teshekpuk Lake Special Area provides nesting habitat for many migratory waterfowl species, including spectacled and Steller's eiders, molting habitat for some populations of geese species, calving grounds and insect-relief habitat for caribou, and subsistence fishing and hunting opportunities.  Intervenor-Defendants are without knowledge or information sufficient to form a belief as to the truth of all other allegations and, therefore, deny each and every other allegation in paragraphs 20 through 23.

24.     Intervenor-Defendants admit the allegations contained in paragraph 24.

25-27.  In response to the allegations contained in paragraphs 25 through 27, Intervenor-Defendants admit the first sentence of paragraph 25.  The remaining allegations of these paragraphs summarize, characterize or paraphrase federal statutes, legislative history and federal

regulations, or state conclusions of law, to which no response is required. To the extent any response may be required, Intervenor-Defendants deny that these allegations are accurate, fair, complete or comprehensive.

28.     In response to the allegations contained in paragraph 28, Intervenor-Defendants admit that in 1977, the Secretary of Interior adopted regulations for management of the Petroleum Reserve. The remaining allegations of this paragraph summarize, characterize or paraphrase federal regulations, or state conclusions of law, to which no response is required. To the extent any response may be required, Intervenor-Defendants deny that these allegations are accurate, fair, complete or comprehensive.

29.     Intervenor-Defendants admit the allegations contained in paragraph 29.

30-31.  The allegations in paragraphs 30 and 31 summarize, characterize or paraphrase federal statutes and legislative history, or state conclusions of law, to which no response is required. To the extent any response may be required, Intervenor-Defendants deny that these allegations are accurate, fair, complete or comprehensive.

32-36.  In response to the allegations contained in paragraphs 32 through 36, Intervenor-Defendants admit that the BLM previously undertook an analysis of certain management alternatives and considerations regarding the Northeast Planning Area of the Petroleum Reserve, which resulted in, among other things, publication of a final IAP/EIS in August, 1998, and issuance of a final record of decision in October, 1988. Intervenor-Defendants also admit that several conservation advocacy groups, including several of the plaintiffs in this litigation, challenged the BLM's decisions in still pending litigation, <u>The Wilderness Society v. Norton</u>, No. 98-2395 (D.D.C.). Intervenor-Defendants also admit that since 1998 lease sales and winter

5

exploration have occurred in the Northeast Planning Area, and that the BLM has given its approval for one development project in the Northeast Planning Area. Intervenor-Defendants deny all other or different allegations contained in paragraphs 32 through 36.

37-55.   Paragraphs 37 through 55 summarize, characterize or paraphrase the administrative record associated with the BLM's January, 2005, Amended IAP/EIS, including federal NEPA process, related public notices, and agency intentions, or state conclusions of law, to which no response is required. To the extent any response may be required, Intervenor-Defendants deny that these allegations are accurate, fair, complete or comprehensive.

56-59.   Paragraphs 56 through 59 summarize, characterize or paraphrase the administrative record associated with the BLM's consultation with U.S. Fish & Wildlife Service ("FWS") concerning effects on the Steller's and spectacled eider species, or state conclusions of law, to which no response is required. To the extent any response may be required, Intervenor-Defendants deny that these allegations are accurate, fair, complete or comprehensive.

60.   In response to the allegations contained in paragraph 60, Intervenor-Defendants admit that on January 11, 2006, a final record of decision ("ROD") was signed by Chad Calvert, Deputy Assistant Secretary for Land and Minerals Management, U.S. Department of Interior, with respect to the Amendment to the Northeast Petroleum Reserve IAP/EIS. Intervenor-Defendants deny all other or different allegations contained in paragraph 60.

## TIMING OF SUIT

61.   The allegations contained in paragraph 61 summarize, characterize or paraphrase federal law, or state conclusions of law, and characterize the reasons why plaintiffs filed this

6

litigation prior to issuance of the ROD for the Amendment to the Northeast Petroleum Reserve IAP/EIS.  No response to these allegations is required.

### COUNT I (NEPA)

62.     Intervenor-Defendants reallege and incorporate by reference their answers to paragraphs 1 through 61 of the Second Amended Complaint as though each were fully set forth herein.

63-64.  The allegations contained in paragraphs 63 and 64 summarize, characterize or paraphrase federal law and federal regulations, or state conclusions of law, to which no response is required.  The referenced statutes and regulations speak for themselves and are the best evidence of their content.  To the extent these paragraphs contain any factual allegations to which a response is required, Intervenor-Defendants deny all such allegations.

65-73.  In response to the allegations contained in paragraphs 65 through 73, Defendant Intervenors deny each and every allegation.

### COUNT II (ESA)

74.     Intervenor-Defendants reallege and incorporate by reference their answers to paragraphs 1 through 73 of the Second Amended Complaint as though each were fully set forth herein.

75-77.  The allegations contained in paragraphs 75 through 77 summarize, characterize or paraphrase federal law, or state conclusions of law, to which no response is required.  The referenced statutes speak for themselves and are the best evidence of their content.  To the extent these paragraphs contain any factual allegations to which a response is required, Intervenor-Defendants deny all such allegations.

78-80. In response to the allegations contained in paragraphs 78 and 80, Intervenor-Defendants deny each and every allegation.

## COUNT III (NATIONAL PETROLEUM RESERVE PRODUCTION ACT)

81. Intervenor-Defendants reallege and incorporate by reference their answers to paragraphs 1 through 80 of the Second Amended Complaint as though each were fully set forth herein.

82. The allegations contained in paragraph 82 summarize, characterize or paraphrase federal law, or state conclusions of law, to which no response is required. The referenced statutes speak for themselves and are the best evidence of their content. To the extent this paragraph contains any factual allegations to which a response is required, Intervenor-Defendants deny all such allegations.

83-85. In response to the allegations contained in paragraphs 83 through 85, Intervenor-Defendants deny each and every allegation.

## PRAYER FOR RELIEF

The remaining paragraphs (denoted 1 through 4 on page 18) of the Second Amended Complaint constitute Plaintiffs' prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

In additional response to the Second Amended Complaint, Intervenor-Defendants affirmatively allege the following defenses:

1. Plaintiffs' Second Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiffs lack standing to maintain this action.

3.　Plaintiffs' claims are barred, in whole or in part, by failure to exhaust administrative remedies.

4.　Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

5.　Plaintiffs' claims under the National Environmental Policy Act, 42 U.S.C. § 4332, are barred, in whole or in part, by the statute of limitations set forth in 42 U.S.C. § 6508.

6.　Intervenor-Defendants reserve the right to amend or to supplement these affirmative defenses as further information becomes known in this action.

## INTERVENOR-DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, ConocoPhillips Alaska, Inc. and Anadarko Petroleum Corporation, having fully answered the allegations contained in the Second Amended Complaint, request the following relief:

1.　Final judgment dismissing with prejudice the claims alleged by Plaintiffs in the First Amended and Supplemental Complaint.

2.　Final judgment awarding such other and further relief as the Court may deem just and proper under the circumstances.

DATED this 5th day of July, 2006.

        STOEL RIVES, LLP

        s/Laura J. Beveridge
        Jeffrey W. Leppo, AK Bar #0001003
        Laura J. Beveridge, Pro Hac Vice
        600 University Street, Suite 3600
        Seattle, Washington  98101
        Phone:  (206) 624-0900
        Fax:  (206) 386-7500
        Email:  jwleppo@stoel.com

        *Attorney for Intervenor-Defendants*
        *ConocoPhillips Alaska, Inc. and*
        *Anadarko Petroleum Corporation*

**Certificate of Service**

I hereby certify that on July 5, 2006, a copy of the foregoing *Answer to the Second Amended Complaint of Intervenor-Defendants ConocoPhillips Alaska, Inc. and Anadarko Petroleum Corporation* was served electronically on:

**Deirdre A. McDonnell**
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801

**Dean K. Dunsmore**
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657

**David C. Crosby**
David C. Crosby, P.C.
5280 Thane Road
Juneau, Alaska  99801-7717

**Ethan Falatko**
**Lawrence Ostrovsky**
STATE OF ALASKA
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska  99811-0300

                                  s/Laura J. Beveridge
                                  Laura J. Beveridge

11
National Audubon Society, et al. v. Norton, et al.
1:05-CV-00008-JKS
Seattle-3329963.1 0028116-00025