Deirdre McDonnell
Layla Hughes
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, Alaska 99801
Phone: (907) 586-2751
Fax:    (907) 463-5891
Email: dmcdonnell@earthjustice.org

*Attorneys for Plaintiffs National Audubon Society, et al.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, ALASKA WILDERNESS LEAGUE, CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, NORTHERN ALASKA ENVIRONMENTAL CENTER, SIERRA CLUB, and THE WILDERNESS SOCIETY,<br><br>    Plaintiffs,<br><br>    v.<br><br>DIRK KEMPTHORNE, Secretary of the Interior[1]; HENRI BISSON, State Director, Bureau of Land Management; TOM MELIUS, Regional Director, United States Fish and Wildlife Service[2]; BUREAU OF LAND MANAGEMENT, UNITED STATES FISH AND WILDLIFE SERVICE, and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>    Defendants, and<br><br>CONOCOPHILLIPS ALASKA, INC., ANADARKO PETROLEUM CORPORATION, ARCTIC SLOPE REGIONAL CORPORATION, and STATE OF ALASKA,<br><br>    Intervenor-Defendants. | Case No. 1:05-cv-00008-JKS |

**PLAINTIFFS' OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION TO STRIKE**

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Dirk Kempthorne has been automatically substituted for P. Lynn Scarlett.

[2] Pursuant to Fed. R. Civ. P. 25(d)(1), Tom Melius has been automatically substituted for Rowan Gould.

## INTRODUCTION

Intervenor-Defendants have moved to strike materials submitted by Plaintiffs which demonstrate that the Bureau of Land Management (BLM) failed to consider relevant factors and failed to take a hard look at the environmental impacts of oil leasing and development. See Intervenor-Defendants' Motion to Strike Extra-Record Materials (Docket No. 67). The Motion to Strike incorrectly applies Local Rule 16.3(b)(2) as well as the case law relevant to supplementing the administrative record in this case and misconstrues Plaintiffs' argument under the National Environmental Policy Act (NEPA). Plaintiffs do not contend that the expert declarations of John Schoen and Jack Lentfer and the scientific article about brant habitat fidelity should have been included in the agency record. Rather, the materials show that the BLM failed to consider the combined effects of oil development and global climate change and, therefore, should be admitted under the well-established rule allowing the record to be supplemented in order to show that the agency has failed to consider relevant factors.

## ARGUMENT

I.  LOCAL RULE 16.3(B)(2) DOES NOT APPLY BECAUSE PLAINTIFFS DO NOT CLAIM THAT THE MATERIALS SHOULD HAVE BEEN PART OF THE AGENCY RECORD.

Local Rule 16.3(b) provides that a "request to augment the agency record must be filed not later than 15 days after notice is given that the agency record has been filed with the court." The plain language of this rule shows that it is intended to allow a plaintiff to object to the scope of the record designated by the agency and request that documents be added to the record. Here, Plaintiffs do not contend that the documents submitted with their brief should have been included in the agency record. Rather, as explained in Plaintiffs' Opening Brief and below, Plaintiffs cite these documents under the well-recognized exception allowing the court to consider documents

outside the record to determine whether an agency has ignored or minimized environmental concerns.[3]  Accordingly, Intervenor-Defendants' argument based on Local Rule 16.3(b)(2) is erroneous.

II.     THE MATERIALS SUBMITTED BY PLAINTIFFS SHOULD BE ADMITTED BY THE COURT TO SHOW THAT THE BLM FAILED TO CONSIDER RELEVANT FACTORS.

In this case, Plaintiffs contend that the BLM violated NEPA by failing to consider the effects of oil development in combination with global climate change.  See Plaintiffs' Opening Brief (Docket No. 49) at 26-34.  To show that this problem was swept under the rug and that it is potentially significant, Plaintiffs submitted two expert declarations and a scientific article that were not part of the original agency record.  Those documents should be considered by the Court.

While review of an agency decision ordinarily is based on the record before the agency, there are well-recognized exceptions to this rule.  See Love v. Thomas, 858 F.2d 1347, 1356 (9th Cir. 1988).  The Ninth Circuit has found explicitly that "certain circumstances may justify expanding review beyond the record or permitting discovery."  Animal Def. Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988), modified on other grounds, 867 F.2d 1244 (9th Cir. 1989); see also Northcoast Envtl. Ctr. v. Glickman, 136 F.3d 660, 665 (9th Cir. 1998) (listing four categories of extra-record submissions that may be appropriate in a NEPA case).

---

[3] Moreover, it is not clear that this provision applies.  The parties agreed to a schedule that did not accord with Rule 16.3, and that schedule was approved by the Court.  See Nat'l Audubon Soc'y v. Norton, No 1:05-cv-00008-JKS (Minute Order February 28, 2006, Docket No. 17) (adopting the joint status report and accepting the proposed schedule).  The agency record was filed with the Court long after the 60-day deadline established by Rule 16.3(b)(1).

The Ninth Circuit specifically allows admission of extra-record evidence to support "an allegation that an EIS has failed to mention a serious environmental consequence." Nat'l Audubon Soc'y v. United States Forest Serv., 46 F.3d 1437, 1447 (9th Cir. 1994) (citation omitted); see also Earth Island Inst. v. United States Forest Serv., 442 F.3d 1147, 1162 (9th Cir. 2006) ("We allow extra-record materials if necessary to 'determine whether the agency has considered all relevant factors and has explained its decision.'") (quoting Southwest Ctr. for Biological Diversity v. United States Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996); Thomas v. United States Dept of Labor, 885 F.2d 551, 555 (9th Cir. 1989) (court may look beyond the administrative record submitted by defendants to determine whether agency considered all relevant factors); Animal Def. Council, 840 F.2d at 1436-37 (extra-record evidence is permitted to determine whether the agency has considered all relevant factors).

This exception to the general rule is particularly important in NEPA cases because "a primary function of the court is to insure that the information available to the decision-maker includes an adequate discussion of environmental effects and alternatives, which can sometimes be determined only by looking outside the administrative record to see what the agency may have ignored." Animal Def. Council, 840 F.2d at 1437. Courts have long recognized that NEPA cases differ from other administrative appeals in this manner:

> [I]n NEPA cases . . . a primary function of the court is to insure that the information available to the decision-maker includes an adequate discussion of environmental effects and alternatives, which can sometimes be determined only by looking outside the administrative record to see what the agency may have ignored.

County of Suffolk v. Sec'y of Interior, 562 F.2d 1368, 1384 (2nd Cir. 1977).

In this case, Plaintiffs contend that the BLM has failed to consider the combined effects of oil development and global climate change, and the extra-record documents are offered to

support that allegation.  Plaintiffs do not argue that the final environmental impact statement (FEIS) fails to acknowledge that oil development activities may have significant impacts on important resources.  Nor do they contend that the FEIS fails to disclose that global climate may dramatically alter important habitat and change the migration and feeding patterns of wildlife.  Rather, Plaintiffs contend that the BLM violated NEPA by failing to consider these two important categories of potential effects together to present a comprehensive evaluation of the effects of oil and gas development in a warming climate.  The declarations and article submitted by Plaintiffs explain this failure and show that the impacts not considered by the BLM may be significant.

Both John Schoen and Jack Lentfer are professional wildlife biologists who have worked for state and government wildlife agencies.[4]  Their declarations illustrate the significant, population-level effects that oil development together with global climate change might have on caribou and polar bears.  See Plaintiffs' Opening Brief, Ex. 59 at 8-9 (Schoen Expert Decl. ¶¶ 20-23) (describing significant effects on caribou that could result from the combination of oil development and global climate change); Ex. 60 at 3-6 (Lentfer Expert Decl. ¶¶ 4-19) (describing effects on polar bears).  Similarly, the Ward article illustrates the importance of very specific types of habitat, which are found north and west of Teshekpuk Lake, for molting and breeding brant and helps show that, in combination, oil development activities and warming temperatures may cause large-scale changes in brant migratory patterns and use of the area

---

[4] The fact that Dr. Schoen works for one of the Plaintiff groups and that Mr. Lentfer is a member of some of the Plaintiff groups is irrelevant to their qualifications as experts.  Moreover, Mr. Lentfer is a former employee of one of the Defendants—United States Fish and Wildlife Service.

around Teshekpuk Lake. See id., Ex. 45 at 5 (Ward, et al., at 873). These examples – such as caribou, polar bears, and brant – are symptomatic of a broader analytic failure of the final EIS to evaluate the potentially significant effects of oil development activities in a warming environment. The expert declarations and scientific article help show that the problem is significant and that the BLM violated NEPA by failing to consider it.[5]

Contrary to Intervenor-Defendants' characterization, Plaintiffs' challenge is not "an argument over methodology." See Intervenor-Defendants' Motion to Strike at 7. Rather, Plaintiffs have shown that the BLM ignored potentially significant environmental consequences of the decision to open new areas to leasing and development in the Northeast Planning Area. The documents submitted by Plaintiffs support the assertion that the BLM swept important problems under the rug by failing to consider the effects of oil development activities in a warming climate.

## CONCLUSION

The expert declarations of John Schoen and Jack Lentfer and the Ward article about brant habitat fidelity show that the BLM failed to consider the potential combined effects of oil development and global climate change. The BLM should not be permitted to sweep this significant issue under the rug. For those reasons, the Court should deny Intervenor-Defendants' Motion to Strike.

---

[5] Ultimately, the Court's inquiry in this instance should not focus on the merits of Plaintiffs' claim but, rather, on its structure and the reasons for which the extra-record documents are offered. Plaintiffs' rely on the expert declarations and scientific study as evidence showing that oil development in combination with a warming climate may have significant effects and that those potential effects are not disclosed in the FEIS.

Dated this 5th day of July, 2006.

                    Respectfully submitted,

                    /s/ Deirdre McDonnell
                    Deirdre McDonnell (AK Bar # 0111082)
                    Layla Hughes (AK Bar # 0312094)
                    Eric P. Jorgensen (AK Bar # 8904010)
                    EARTHJUSTICE
                    325 Fourth Street
                    Juneau, Alaska 99801
                    Phone: (907) 586-2751
                    Fax:    (907) 463-5891
                    Email: dmcdonnell@earthjustice.org

                    *Attorneys for Plaintiffs National Audubon Society, Alaska Wilderness League, Center for Biological Diversity, Natural Resources Defense Council, Northern Alaska Environmental Center, Sierra Club, and The Wilderness Society*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2006, a copy of the PLAINTIFFS' OPPOSITION TO INTERVENOR-DEFENDANTS' MOTION TO STRIKE and the accompanying [PROPOSED] ORDER was served electronically on:

**Dean K. Dunsmore**
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B. Street, Suite 504
Anchorage, AK 99501-3657

**Jeffrey W. Leppo**
**Laura J. Beveridge**
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101

**David C. Crosby**
DAVID C. CROSBY, P.C.
5280 Thane Road
Juneau, AK 99801-7717

**Ethan Falatko**
**Lawrence Z. Ostrovsky**
STATE OF ALASKA
Office of the Attorney General
P.O. Box 110300
Juneau, AK 99811-0300

   /s/ Deirdre McDonnell
   Deirdre McDonnell