David C. Crosby
David C. Crosby, PC
5280 Thane Road
Juneau, Alaska 99801-7717
Tel: (907) 586-6262
Fax: (907) 586-5959
E-Mail: crosbylaw@gci.net

Attorney for Intervenor/Defendant
Arctic Slope Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DIRK KEMPTHORNE, Secretary of the ) Interior, et al., ) | |
| ) | |
| Defendants, and ) | |
| ) | |
| CONOCOPHILLIPS ALASKA, INC., ) et al., ) | |
| ) | |
| Intervenor/Defendants ) | Case No. 1:05-cv-00008-JKS |
| ) | |

INTERVENOR-DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF MOTION TO STRIKE EXTRA-RECORD MATERIALS

I. INTRODUCTION

Plaintiffs' argument that Local Rule 16.3(B)(2) applies only to agency documents omitted from the record supplied to the Court – leaving them free to submit extra-record materials for the first time as attachments to their brief on the merits – frustrates the purposes of the amended Rule and should be rejected. Plaintiffs have not shown that the proffered extra-record materials expose any failure on the part of the Bureau of Land Management ("BLM") to recognize and address any relevant factor with respect to either the impacts of oil and gas development or the cumulative impacts caused by global warming/climate change. Accordingly, regardless of whether plaintiffs have complied with Local Rule 16.3(B)(2), their extra-record Exhibits 45, 59 and 60, and any references to those exhibits in their Opening Brief, must be stricken.

II.   ARGUMENT

A.   Local Rule 16.3(B)(2) Applies to Extra-Record Materials

Rule 16.3, as amended in 2005, expedites the orderly processing of administrative appeals that are exempt from the normal pre-trial procedures of 16.1. See commentary on rule amendments at http://www.akd.uscourts.gov/ref_rules.htm. The requirement that "requests to augment the agency record" be filed in a timely fashion following filing of

2

the record serves the Rule 16.1 pre-trial functions of putting all parties on notice of the factual bases for their respective claims and encouraging early identification and disposition of disputes over the adequacy of the record.

Plaintiffs argue that Rule 16.3(B)(2) applies only to documents that were properly before the agency, but that were omitted from the record filed with the Court. Plaintiffs' Opposition to Intervenor-Defendants' Motion to Strike ("P.Mem.") at 2. Under plaintiffs' interpretation of the Rule, appellants may defer submitting any extra-record materials until they file their brief on the merits, premising their arguments on the assumption that the materials are admissible. The Court should not place such a crabbed and unhelpful construction on its Rule.

The Ninth Circuit has made it clear that extra-record materials may be considered only in exceptional circumstances, and that the burden is on the proponent of such materials to bring them within one of the narrow exceptions to review on the record. When the plaintiff improperly incorporates extra-record materials into its brief on the merits, the Court is left with the equally unattractive alternatives of striking portions of the plaintiff's brief or undercutting the principle of review on the record. Rule 16.3(B)(2) avoids this Hobson's choice by requiring the proponent of extra-record materials to raise the issue before briefing the merits.

3

Rule 16.3(b)(2) has been in effect for a little over a year. To Intervenors' knowledge, the Rule has not received an authoritative construction by the Court. Litigation of this and future administrative appeals will be greatly facilitated if the Court clarifies that the Rule 16.3(B)(2) covers not only materials omitted from the record, but efforts to "augment" the record with extra-record materials.

B.  There is No NEPA Exception to Review on the Record

Plaintiffs assert that "courts have long recognized that NEPA cases differ from other administrative appeals" in that extra-record materials supposedly are more liberally admitted to demonstrate that the agency has failed to consider relevant factors. P.Mem. at 4. If such a rule exists elsewhere, it has never been adopted by the Ninth Circuit.[1] The Court has repeatedly stated that NEPA cases are subject to the same review on the record standards as other appeals under the Administrative Procedure Act.

---

[1]  Plaintiffs quote a passage from County of Suffolk v. Secretary of Interior, 562 F.2d 1368, 1384 (2nd Cir. 1977). P.Mem. at 4. To the extent that the passage suggests a relaxing of the rule of review on the record in NEPA cases, it has never been adopted by the Ninth Circuit. In Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988), the Court noted that the district court cited this passage in support of admitting extra-record materials in a NEPA case. Without adopting the County of Suffolk analysis, the Court reversed the district court and held that the extra-record materials in question would not satisfy even this supposedly more liberal standard.

Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988), citing Friends of the Earth v. Hintz, 800 F.2d 822, 829 (9th Cir. 1986). See also Vermont Yankee Nuclear Corp. v. Natural Res. Def. Coun., Inc., 435 U.S. 519, 548 (1978) (NEPA does not amend APA). Exceptions to this standard are just as "narrowly construed and applied" in NEPA cases as they are in other administrative appeals. Lands Council v. United States Forest Service, 395 F.3d 1019, 1030 (9th Cir. 2005). Indeed, in two of the four NEPA cases decided by the Ninth Circuit and cited by plaintiffs, the proffered extra-record materials were stricken. See Northcrest Envir. Ctr v. Glickman, 136 F.3d 660, 665 (9th Cir. 1998)[2] and Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988), both cases cited at P.Mem. at 3.

In the remaining Ninth Circuit NEPA cases cited by plaintiffs, the extra-record materials clearly fell within a narrow exception to review on the record. In National Audubon Soc. v. United States Forest Service, 46 F.3d 1437, 1448 (9th Cir. 1994) (P.Mem. at 4), the Forest Service not only "neglected to mention a serious environmental consequence," it conceded

---

[2]   The Court stated in dicta that consideration of extra-record material may be broader where the gravamen of the complaint in a NEPA case is that the agency has failed to prepare environmental documents because, by definition in such cases, a formal administrative record has not been made. In this case, BLM prepared a full EIS accompanied by a voluminous record. The dicta in Northcrest is only common sense, but has no application here.

the point because it believed – erroneously, as the Court concluded – that it was not required to address the omitted issue.  In Earth Island Institute v. United States Forest Service, 442 F.3d 1147, 1162 (9th Cir. 1994) (P.Mem. at 4), the extra-record materials not only "helped to explain technical or complex subject matter," they convinced the Court that expert tree mortality studies used to justify excessive logging were either incorrect or had been presented by the Forest Service in a misleading fashion.  442 F.3d at 1166-1167.[3]

Unlike the plaintiffs in Audubon and Earth Island, plaintiffs here have failed to bring their extra-record documents within any of the narrow exceptions to record review permitted by the Ninth Circuit.

    C.    The Extra-Record Materials Proffered by Plaintiffs Do Not Fit Within Any of the Narrow Exceptions to Record Review

Plaintiffs submit two "expert" declarations and a post-decision journal article which they argue come within the narrow exception that applies when

---

[3] Plaintiffs cite two non-NEPA cases that have no relevance to the discussion.  In Love v. Thomas. 858 F2d 1347, 1356 (9th Cir 1988), cert. denied 490 U.S. 1035 (1989), P.Mem. at 2,  the Ninth Circuit held that the structure of the review provisions of the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. 136 et seq., contemplates admission of extra-record materials by a district court reviewing an EPA emergency suspension order where no formal record had been created by agency.  In Thomas v. United States Dept. of Labor, 885 F.2d 551, 555 (9th Cir. 1989) the Court held that the agency had failed to include in the record documents on which it had indirectly relied.

an agency "failed to consider relevant factors." P.Mem. at 2. However, as in their opening brief on the merits, plaintiffs concede that the Amended IAP/EIS addresses the impacts of both oil and gas development and global warming. P.Mem. at 5. In fact, plaintiffs' sole complaint appears to be that the BLM should have analyzed or presented the information admittedly present in the Amended IAP/EIS differently. Intervenors will respond to the merits of this argument in their opposition brief. Here, it is sufficient to note that the extra-record materials urged on this Court do not reveal any significant information overlooked by the agency or suggest how the alternative analysis preferred by plaintiffs should have been conducted.[4]

---

[4] Nor have plaintiffs done so in their extensive comments to BLM on the Amended IAP/EIS. Of the comments submitted by the plaintiffs (see P.Exh. 23, 24, 28, 49, 55), only one discusses global climate change in any detail, and much of that discussion is devoted to the contribution of oil and gas development to global warming – an issue not raised in this appeal. P.Exh. 24 at 12-14. With respect to how the cumulative effects of development and climate change should be addressed in the Amended IAP/EIS, plaintiffs are no more forthcoming than they have been in their pleadings, insisting that the impacts of development must be analyzed "in the context of the impacts from global warming." P.Exh. 24 at 14.

As general rule, "[persons] challenging an agency's compliance with NEPA must 'structure their participation so that it . . . alerts the agency to the [party's] position and contentions,' in order to allow the agency to go give the issue meaningful consideration." Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 553 (1978). The burden on a challenger is particularly heavy where it is asking the agency to "embark upon an exploration of uncharted territory." 435 U.S. at 553 (conclusory reference in comments to energy conservation as an

7

To the extent that the "expert" declarations of Messrs. Schoen and Lentfer discuss the impacts of oil and gas development and (to a lesser extent) global warming on caribou, birds and polar bear, they do no more than reiterate or possibly supplement the detailed information in the Amended IAP/EIS. The declarations are not admissible for the purposes of making a "fuller record" on these subjects. Southwest Center for Biological Diversity v. United States Forest Service, 100 F.3d 1443, 1451 (9th Cir. 1996).

The declarants then go beyond their areas of wildlife expertise and speculate that the impacts of development and future global warming may combine in ways not accounted for by BLM's cumulative impacts analysis. However, declarants present no evidence that this is so, and offer no suggestions as how BLM might have tested their hypothesis. Accordingly, the declarations do not tend to show that BLM failed to consider relevant

---

alternative to nuclear power insufficient to support a challenge to agency's failure to assess alternative, given how little was known of energy conservation strategies at the time). If plaintiffs wanted BLM to enter the "uncharted territory" of modeling future environments to reflect the effects of global warming, both NEPA and the APA required plaintiffs to alert BLM to this concern by submitting the information during the administrative process. Because plaintiffs failed to do so, they may not now challenge the Amended IAP/EIS on that ground. Citizens for Clean Air v. United States EPA, 959 F.2d 839, 846-847 (9th Cir. 1992) (applying Vermont Yankee to challenge to EPA order upholding Clean Air Act permit).

factors, ignored important environmental consequences, or failed to explain its decision.

Since plaintiffs have not met their burden of establishing that the proffered extra-record materials come within one of the narrow exceptions to record review – or even bothered to explain why they did not submit the declarations of their own members during the NEPA comment process[5] – the materials, and any references to them in plaintiffs' brief on the merits, should be stricken. Lands Council v. United States Forest Service, supra, 395 F.3d at 1030 & n. 10.

---

[5] Declarant John Schoen, senior scientist for lead plaintiff Audubon Society and principal author of their August 23, 2004, 23 page comment letter, devoted less than a paragraph to the supposed "cumulative and synergistic" impacts of development and global climate change, but did not explain how these effects could be "synergistic," or suggest how BLM might approach the problem other than by a cumulative effects analysis.

9

III.  CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs' Exhibits 45, 59 and 60, as well any references to those exhibits in Plaintiffs' Opening Brief.

Dated this 13th day of July, 2006, at Juneau, Alaska.

Respectfully submitted,

DAVID C. CROSBY, P.C.

/s/ David C. Crosby
David C. Crosby
Alaska Bar No. 7106006

Attorney for Intervenor/
Defendant Arctic Slope
Regional Corporation

STOEL RIVES LLP

/s/ Jeffrey W. Leppo
Jeffrey W. Leppo
AK Bar #0001003

Attorney for Intervenor/
Defendant ConocoPhillips
Alaska, Inc. and Anadarko
Petroleum Corporation

STATE OF ALASKA

/s/ Ethan Falatko
Ethan Falatko
Alaska Bar No. 0112093

Attorney for Intervenor/
Defendant State of Alaska


The undersigned certifies that on July 13, 2006, a copy of this document was served electronically on:

Deirdre McDonnell
Layla Hughes
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801

Dean K. Dunsmore
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657

/s/ David C. Crosby
David C. Crosby

ASRCStrikeReply.045
As of 7 13 2006