


DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Ethan Falatko
Assistant Attorney General
Office of the Attorney General
P.O. Box 110300
Juneau, Alaska  99811-0300
Ph:  (907) 465-3600
Fax:  (907) 465-2417
ethan_falatko@law.state.ak.us
Attorney for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>GALE NORTON, Secretary of the Interior, et al.,<br><br>      Defendants. | Case No. J05-008CV (JKS) |

**ANSWER OF INTERVENOR-DEFENDANT STATE OF ALASKA
TO THE SECOND AMENDED COMPLAINT**

Intervenor-defendant, the State of Alaska ("State"), answers the First Amended and Supplemental Complaint for Declaratory and Injunctive Relief filed by plaintiffs National Audubon Society, Alaska Wilderness League, Center for Biological Diversity, Natural Resources Defense Council, Northern Alaska Environmental Center, Sierra Club and the Wilderness League as follows:

## NATURE OF CASE

1 - 4.   Paragraphs 1 through 4 state NAS' characterization of its lawsuit and therefore do not require a response.  To the extent these paragraphs contain anything other than NAS' characterizations of its lawsuit, the State denies such allegations.

## JURISDICTION

5.   This paragraph states a legal conclusion that does not require a response. The law cited by NAS speaks for itself.

## PLAINTIFFS

3 - 9.[1]   The State lacks knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, and therefore denies the same.

10.   The State lacks sufficient knowledge to form a belief as to the truth of the allegations of the first sentence of this paragraph.  The State denies the allegations of the second sentence of this paragraph.

11.   The State denies the allegations in this paragraph.

12.   The State admits that some Plaintiffs, but not the National Audubon Society, submitted comments to the BLM on the draft and final Amended Integrated Activity Plan/Environmental Impact Statement.  For the Northeast Planning Area of the National Petroleum Reserve – Alaska (Petroleum Reserve).  The State is without knowledge or information to form a belief as to the truth of the allegations of the second sentence of this paragraph and therefore denies the same.

---

[1]   NAS' Second Amended Complaint renumbers paragraph 6 as a second paragraph 3.  The State continues to follow NAS' paragraph numbering sequence through this Answer.

## DEFENDANTS

13 – 17.     Admitted.

## BACKGROUND

**The Planning Area**

18.    The State admits the description of the size of the NPR-A, and its location in Alaska as indicated in the first sentence. The State denies the allegation that the Petroleum Reserve is unprotected. The State admits that the Petroleum Reserve has communities on its borders and that the area is important to the fauna listed in the last sentence.

19.    Admitted.

20 - 23.    The State admits that the Teshekpuk Lake Special Area is approximately 1.7 million acres and that the prominent feature of the Special Area is Teshekpuk Lake. The State admits that Teshekpuk Lake provides essential habitat for many migratory waterfowl species, including spectacled and Steller's eiders, molting habitat for some populations of geese species, calving grounds and insect-relief habitat for caribou. The State admits that Teshekpuk Lake is a valuable subsistence fishing and hunting area and contains numerous camps and cabins.

**National Petroleum Reserve-Alaska History**

24.    Admitted.

25 - 27.    The State admits the first sentence in paragraph 25. The remaining allegations of these paragraphs summarize, characterize or paraphrase federal statutes, legislative history and federal regulations or state conclusions of law, to which no response is required. To the extent any response may be required the State denies these allegations are accurate or complete.

28. The State admits that the Secretary of the Interior adopted regulations for the management of the Petroleum Reserve in 1977. The remaining allegations of this paragraph summarize, characterize or paraphrase federal regulations, or state conclusions of law, to which no response is required. To the extent any response may be required, the State denies that these allegations are accurate or complete.

29. Admitted.

30 - 31. The allegations in these paragraphs summarize, characterize or paraphrase federal statutes and legislative history or state conclusions of law to which no response is required. To the extent any response may be required, the State denies that the allegations are accurate or complete.

32 - 36. Admitted.

**The Northeast Amendment Process**

37 - 55. These paragraphs characterize or paraphrase the administrative record associated with BLM's January, 2005 Amended IAP/EIS, including federal NEPA process, related public notices, and agency intentions, or state conclusions of law, to which no response is required. To the extent any response is necessary the State denies that the allegations are accurate or complete.

55 - 59. These paragraphs summarize, characterize or paraphrase the administrative record associated with the BLM's consultation with U.S. Fish & Wildlife Service ("FWS") concerning effects on the Steller's and spectacled eider species, or state of law to which no response is required. To the extent any response is necessary the State denies that the allegations are accurate or comprehensive.

60. Admitted.

**TIMING OF SUIT**

61. The first sentence in this paragraph summarizes and characterizes federal law which speaks for itself. The second sentence characterizes plaintiffs' reasons for filing the litigation before the issuance of the ROD, which requires no response.

**COUNT I (NEPA)**

62. The State realleges and incorporates by reference its answers to paragraphs 1 through 61 of the First Amended and Supplemental Complaint.

63 - 64. The allegations contained in paragraphs 63 and 64 summarize, characterize or paraphrase federal law and federal regulations or state conclusions of law to which no response is required. The referenced statutes and regulations speak for themselves. To the extent these paragraphs contain any factual allegations to which a response is required, the State denies all such allegations.

65 - 73. Denied.

**COUNT II (ESA)**

74. The State realleges and incorporates by reference their answers to paragraphs 1 through 73 of the First Amended and Supplemental Complaint.

75 - 77. The allegations contained in paragraphs 75 through 77 summarize, characterize or paraphrase federal law and federal regulations or state conclusions of law to which no response is required. The referenced statutes and regulations speak for themselves. To the extent these paragraphs contain any factual allegations to which a response is required, the State denies all such allegations.

78 - 80. Denied.

**COUNT III (NATIONAL PETROLEUM RESERVE PRODUCTION ACT)**

81. The State realleges and incorporates by reference its answer to paragraphs 1 through 80 of the First Amended and Supplemental Complaint.

82. The allegations contained in paragraph 82 summarize, characterize or paraphrase federal law and federal regulations or state conclusions of law to which no response is required. The referenced statutes and regulations speak for themselves. To the extent these paragraphs contain any factual allegations to which a response is required, the State denies all such allegations.

83 - 85.   Denied.

**PRAYER FOR RELIEF**

The remaining paragraphs (denoted 1 through 4 on pages 17 and 18) of the First Amended and Supplemental constitute Plaintiffs' prayer for relief to which no response is required.

**AFFIRMATIVE DEFENSES**

In additional response to the First Amended and Supplemental Complaint, the State affirmatively alleges the following defenses:

1. Plaintiffs' First Amended and Supplemental Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiffs lack standing to maintain this action.

3. Plaintiffs' claims are barred, in whole or in part, by failure to exhaust administrative remedies.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrine of *res judicata* and collateral estoppel.

5. Plaintiffs' claims under the National Environmental Policy Act, 42 U.S.C. § 4332, are barred, in whole or in part, by the statute of limitations set forth in 42 U.S.C. § 6508.

6. The State reserves the right to amend or to supplement these affirmative defenses as further information becomes in this action.

### THE STATE'S PRAYER FOR RELIEF

WHEREFORE, the State respectfully requests that the Court:

1. Dismiss the Complaint with prejudice; and

2. Grant such other relief as the Court deems just and proper.

Dated July 21, 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL


By:   s/Ethan Falatko
      Assistant Attorney General
      Alaska Bar No. 0112093
      P.O. Box 110300
      Juneau, Alaska  99811-0300
      Ph:  (907) 465-3600
      Fax: (907) 465-2417
      ethan_falatko@law.state.ak.us

**Certificate of Service**

I hereby certify that on July 21, 2006, a copy of the foregoing document, *Answer of Intervenor-Defendant State of Alaska to the Second Amended Complaint*, was served electronically on:

Dean K. Dunsmore
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska, 99501-3657

Deirdre McDonnell
Layla Hughes
Eric P. Jorgensen
EARTHJUSTICE
325 4th Street
Juneau, Alaska  99801

Jeffrey W. Leppo.
600 University Street, Suite 3600
Seattle, Washington  98101

David Crosby
5280 Thane Road
Juneau, Alaska  99801

s/Ethan Falatko

8