David C. Crosby
5280 Thane Road
Juneau, AK 99801-7717
Telephone: (907) 586-6262
Facsimile: (907) 586-5959
E-mail: crosbylaw@gci.net

Attorney for Intervenor/Defendant
Arctic Slope Regional Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIONAL AUDUBON SOCIETY, et al., ) )     Plaintiffs, ) )   v. ) ) DIRK KEMPTHORNE, Secretary of the) Interior, et al., ) )     Defendants, and ) ) CONOCOPHILLIPS ALASKA INC., ) et al., ) )     Intervenor-Defendants. ) _____) | Case No. J05-008 CV (JKS) |

ANSWER OF INTERVENOR/DEFENDANT ARCTIC SLOPE
REGIONAL CORPORATION TO SECOND AMENDED COMPLAINT

Intervenor/Defendant Arctic Slope Regional Corporation ("ASRC") answers the Seconded Amended Complaint and alleges affirmative defenses as follows:

**NATURE OF THE CASE**

1.   The first sentence of this paragraph is a characterization of plaintiffs' claim, as to which no response is required.  The allegations of the second sentence of this paragraph are denied.

2.-4.   Denied.

**JURISDICTION**

5.   This paragraph purports to state a legal conclusion and does not contain any factual allegations as to which a response is required.  ASRC affirmatively alleges that five of the seven named plaintiffs in this action are also plaintiffs in a closely related challenge to the original Northeast NPRA leasing decision, which challenge is pending before the United States District Court for the District of Columbia.  Judicial economy would be served by transferring venue of this case to that district for consolidation with the pending proceedings.

3.-9.   ASRC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs.

10.-11.   Denied.

12.  The first sentence of this paragraph is admitted. ASRC is without knowledge or information sufficient to form a

belief as to the truth of the allegations of the second and third sentences of this paragraph. The allegations of the fourth sentence of this paragraph are denied.

**DEFENDANTS**

13. Denied. The Secretary is Dirk Kempthorne.

14.-17. Admitted.

**BACKGROUND**

**The Planning Area.**

18. ASRC denies that the Reserve is "unprotected" and admits the remaining allegations of this paragraph.

19. Admitted. ASRC affirmatively alleges that the Planning Area also includes lands owned by ASRC at Cape Halkett as well as subsurface estate beneath the surface estate of Kuukpik Corporation. The Planning Area also includes subsurface that will be transferred to ASRC by the federal defendants in the future beneath additional Kuukpik surface selections. All of these existing and future interests are directly impacted by the Amended IAP/EIS and plaintiffs' challenge to the same.

20. ASRC admits the first two sentences of this paragraph and is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of the paragraph.

21. ASRC denies the word "essential" in the second sentence and admits the remaining allegations of this paragraph.

22. Admitted.

23. Admitted.

**National Petroleum Reserve-Alaska History.**

24. Admitted.

25.-27. These paragraphs purport to summarize, paraphrase or selectively excerpt provisions of the Naval Petroleum Reserve Production Act ("NPRPA"). As such they state legal conclusions, not factual allegations requiring a response. To the extent that response is required, ASRC admits the existence of the statute, refers the Court to the language of the statute or regulation, which is the best source of its content and speaks for itself, and denies any mischaracterization of the same.

28. ASRC admits the first sentence of this paragraph. The second sentence purports to summarize, paraphrase or selectively excerpt the Secretary's regulations. As such it states a legal conclusion, not a factual allegation requiring a response. To the extent that response is required, ASRC

4

admits the existence of the regulations, refers the Court to the language of the regulations, which are the best source of their content and speak for themselves, and denies any mischaracterization of the same.

    29.    Admitted.

    30.    This paragraph purports to summarize, paraphrase or selectively excerpt portions of the legislative history of the NPRPA. As such it states a legal conclusion, not a factual allegation requiring a response. To the extent that response is required, ASRC admits the existence of the legislative history, refers the Court to the language of the same, which is the best source of its content and speaks for itself, and denies any mischaracterization of the same.

    31.    The first sentence of this paragraph purports to summarize, paraphrase or selectively excerpt the appropriations bill. As such it states a legal conclusion, not a factual allegation requiring a response. To the extent that response is required, ASRC admits the existence of the statute, refers the Court to the language of the regulation, which is the best source of its content and speaks for itself, and denies any mischaracterization of the same. ASRC admits the second sentence of this paragraph and denies the remaining allegations of the paragraph.

32.  ASRC admits that in 1997 BLM undertook an analysis to determine whether to conduct oil and gas lease sales in Northeast NPRA, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

33.  ASRC admits that a final EIS concerning leasing in Northeast NPRA was published and made available on or about August 7, 1998.  The remaining allegations of this paragraph purport to paraphrase the conclusions of that EIS.  To the extent that response is required, ASRC refers the Court to that EIS which is the best source of its content and which speaks for itself.  ASRC denies any mischaracterization of the same.

34.  ASRC admits that on October 7, 1998, the Secretary of the Interior issued a final Record of Decision that is the best source of its own content and speaks for itself.  ASRC denies any mischaracterization of the same.

35.  Admitted.  ASRC affirmatively alleges that five of the seven plaintiffs in this action are also plaintiffs in the action pending before the United States District Court for the District of Columbia challenging the original IAP/EIS for the Northeast NPR-A.

36.  Admitted.

**The Northeast NPR-A Amendment Process.**

37. This paragraph purports to paraphrase and excerpt portions of the BLM Federal Register announcement, which is the best source of its content and speaks for itself. ASRC denies any mischaracterization of the same.

38. Admitted.

39.-41. These paragraphs purport to summarize the draft EIS, which is the best source of its content and speaks for itself. ASRC denies any mischaracterization of the same.

42. ASRC admits that plaintiffs commented on the draft EIS and urged BLM to consider alternatives that plaintiffs asserted would provide more protection than the 1998 Plan to Resources, rather than opening new areas to leasing, and denies the remaining allegations of this paragraph.

43.-46. This paragraph purports to characterize and summarize the lengthy comments addressed in the EIS, which comments are the best source of their content and speak for themselves. ASRC denies any mischaracterization of the same.

47. Admitted.

48.-55. These paragraphs purport to summarize various provisions of the final EIS, which is the best source of its content and speaks for itself. ASRC denies any mischaracterization of the same.

**The Biological Opinion.**

56. Admitted.

57. ASRC admits the first sentence of this paragraph and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

58.-59. ASRC admits the first sentence of paragraph 58 and affirmatively alleges that the Opinion was amended on June 21, 2005. The remaining allegations of these two paragraphs purport to summarize portions of the Biological Opinion, which is the best source of its content and speaks for itself. ASRC denies any mischaracterization of the same.

60. Admitted.

**TIMING OF SUIT**

61. The first sentence of this paragraph purports to characterize the requirements of the 1980 Appropriations Act, which is the best source of its content and which speaks for itself. ASRC denies any mischaracterization of the same. ASRC admits that plaintiffs filed a complaint challenging the final EIS within 60 days of January 28, 2005, the date notice of availability of the final EIS was published in the Federal Register, and is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of this paragraph.

## COUNT I (NEPA)

62. ASRC realleges and incorporates by reference its responses to paragraphs 1 through 61.

63.-64. These paragraphs purports to summarize, paraphrase or selectively excerpt portions of NEPA and implementing regulations. As such they state legal conclusions, not factual allegations requiring a response. To the extent that response is required, ASRC admits the existence of the statute, refers the Court to the language of the statute or regulation, which is the best source of its content and speaks for itself, and denies any mischaracterization of the same

65.-67. Denied.

68. This paragraph purports to summarize portions of the EIS, which is the best source of its content and speaks for itself. ASRC denies any mischaracterization of the same.

69.-70. Denied.

71. This paragraph purports to summarize and characterize portions of the EIS, which is the best source of

its content and speaks for itself.  ASRC denies any mischaracterization of the same.

    72.-73.   Denied.

## COUNT II (ESA)

    74.  ASRC realleges and incorporates by reference its responses to paragraphs 1 though 73.

    75.  This paragraph purports to summarize, paraphrase or selectively excerpt portions of the ESA.  As such it states a legal conclusion, not a factual allegation requiring a response.  To the extent that response is required, ASRC admits the existence of the statute, refers the Court to the language of the statute, which is the best source of its content and speaks for itself, and denies any mischaracterization of the same

    76.  Admitted.

    77.  This paragraph purports to summarize, paraphrase or selectively excerpt certain provisions of the ESA.  As such it states a legal conclusion, not a factual allegation requiring a response.  To the extent that response is required, ASRC admits the existence of the statute, refers the Court to the language of the statute, which is the best source of its

content and speaks for itself, and denies any mischaracterization of the same

78. ASRC admits that the EIS analyzed various hypothetical development scenarios, and denies the remaining allegations of this paragraph.

79-80.   Denied.

## COUNT III
### (National Petroleum Reserve Production Act)

81. ASRC realleges and incorporates by reference its responses to paragraphs 1 through 79.

82. This paragraph purports to summarize, paraphrase or selectively excerpt portions of NPRPA.  As such it states a legal conclusion, not a factual allegation requiring a response.  To the extent that response is required, ASRC admits the existence of the statute, refers the Court to the language of the statute, which is the best source of its content and speaks for itself, and denies any mischaracterization of the same.

83.-85.   Denied.

## AFFIRMATIVE DEFENSES

1.   The complaint fails to state a claim upon which relief may be granted.

11

2.   Plaintiffs lack standing to maintain this action.

**PRAYER FOR RELIEF**

WHEREFORE, ASRC respectfully requests that this Court:

1.   Dismiss the complaint with prejudice; and

2.   Grant such other relief as the Court deems just and proper.

DATED this 16th day of August, 2006, at Juneau, Alaska.

>
> Respectfully submitted,
>
> DAVID C. CROSBY, P.C.
>
> /s/   David C. Crosby_____
> David C. Crosby
> 5280 Thane Road
> Juneau, AK 99801-7717
> Phone: (907) 586-6262
> Fax: (907) 586-5959
> E-mail: crosbylaw@gci.net
> Alaska Bar No. 7106006
>
> Attorney for Intervenor/
> Defendant Arctic Slope
> Regional Corporation

CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2006, a copy of this document was served electronically on:

Deirdre McDonnell
Layla Hughes
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801

```
Dean K. Dunsmore
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, AK 99501-3657

Ethan Falatko
Assistant Attorney General
PO Box 110300
Juneau, AK 99811-0300

Lawrence Z. Ostrovsky
Assistant Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501

Jeffrey W. Leppo
Laura J. Beveridge
Stoel Rives LLP
600 University St., Suite 3600
Seattle, WA 98101-3197
```

/s/  David C. Crosby
David C. Crosby
5280 Thane Road
Juneau, AK 99801-7717
Phone: (907) 586-6262
Fax: (907) 586-5959
E-mail: crosbylaw@gci.net
Alaska Bar No. 7106006

Answer.045