**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

<u>  NATIONAL AUDUBON SOC'Y *et al.*  </u>  v.  <u>  DIRK KEMPTHORNE, *et al.*  </u>

HONORABLE JAMES K. SINGLETON, JR.

DATE: September 6, 2006                                    CASE NO. <u> 1:05-cv-00008-JKS </u>

PROCEEDINGS:      **MINUTE ORDER FROM CHAMBERS**
                               **Re: Motion at Docket No. 67**

---

  At Docket No. 67, Defendant/Intervenor Arctic Slope Regional Corporation has moved to strike extra-record material with respect to Plaintiffs' motion for summary judgment; Exhibits 45, 59 and 60 attached to Plaintiffs' Motion for Summary Judgment. The federal defendants have joined in the motion. Docket No. 86-1 at 12 n. 9. At Docket No. 73, Plaintiffs have opposed the motion and at Docket No.76 Arctic Slope has replied to the opposition.

  In this circuit extra-record materials are only allowed: (1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject, or (4) when plaintiffs make a showing of agency bad faith.  *See Southwest Center for Biological Diversity v. United States Forest Service*, 100 F.3d 1443, 1450 (9th Cir.1996)

  Plaintiffs argue that the challenged materials are offered solely for the purpose of showing that the agency did not consider the combined effects of the proposed development and global climate change. Therefore, according to Plaintiffs, the exhibits may be admitted under the exception allowing consideration of whether the agency considered all relevant factors. The Court agrees and will consider the materials for the limited purpose of determining whether the BLM did, in fact, do a cumulative analysis. The Court will not consider the materials to the extent they advocate a better or different methodology for assessing the cumulative impacts to the extent already analyzed in a reasonable manner by Defendants. *See Greenpeace Action v. Franklin,* 14 F.3d 1324, 1333 (9th Cir.1992).

  With that explanation of the limited scope for which Exhibits 45, 49, and 60 will be considered by the Court,

  IT IS ORDERED THAT the motion to strike at Docket No. 67 is **GRANTED**, in part, and **DENIED**, in part.